UNITED STATES v. LAMSON.

(Circuit Court, D. Rhode Island. May 26, 1908.)

No. 2,623.

**1. INTERNAL REVENUE — OLEOMARGARINE LAW — VIOLATIONS — ENTRIES IN BOOKS.**

The former revised regulations made by the commissioner of internal revenue in December, 1904, governing the keeping of books and the making of returns by wholesale dealers in oleomargarine, pursuant to Act May 9, 1902, c. 784, § 6, 32 Stat. 197 (U. S. Comp. St. Supp. 1907, p. 641), do not require the entry on the books of the number of packages and pounds of oleomargarine disposed of at any specified time, and the failure to make such entries on the same day or during the same month when the goods are disposed of is not a criminal offense under said section 6.

**2. SAME—MONTHLY RETURNS.**

The requirement of such regulations that dealers shall "make monthly returns on form 217 * * * showing in detail the number of packages and the number of pounds of oleomargarine received, * * * also the quantity disposed of with the name and address of each person to whom sold or consigned," does not require a statement in detail of the number of packages and the number of pounds disposed of to each person, and the forms furnished for such returns cannot impose additional requirements to those of the statute or regulations which will have the force

of law, and a failure to comply with which will constitute a criminal offense.

3. SAME—FAILURE TO MAKE BOOK ENTRIES—INDICTMENT.

Upon a reasonable construction of such regulations, the entries required to be made in the books may be made by an agent of the dealer, and an indictment for failure to make such entries should aver that the dealer did not make, and did not cause to be made, such entries.

On Motion to Quash Indictment.

Charles A. Wilson, U. S. Atty., and George H. Huddy, Jr., Asst. U. S. Atty.

Walter H. Barney, for defendant.

BROWN, District Judge. This is an indictment in 24 counts, and is based upon alleged violations of oleomargarine regulations made by the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, in compliance with section 6 of the act of May 9, 1902. Act May 9, 1902, c. 784, § 6, 32 Stat. 197 (U. S. Comp. St. Supp. 1907, p. 641). The matters referred to in the indictment occurred before the publication of the regulations as revised July, 1907. They therefore fall under the Revision of December, 1904.

There are important differences arising from the omission from the earlier regulations of exact provisions concerning the date of entry of items concerning oleomargarine disposed of. The first 11 counts relate to the omission of entries in a book of the number of packages and pounds of oleomargarine disposed of, and the name and place of business, or residence of the person to whom sold or consigned. The remaining counts relate to a failure to make monthly returns.

The provision which relates to the entries in a book, or on form 217 properly bound, is as follows:

"Every wholesale dealer in oleomargarine is required to enter, on the day when received, in a book (form 61) or on form 217, properly bound, the number of packages and pounds of oleomargarine received, the number of packages and pounds of oleomargarine disposed of, and the name and place of business or residence of each person to whom sold or consigned. (Model blank form furnished by Commissioner of Internal Revenue.)"

It is to be observed that, although the regulations specifically require an entry of oleomargarine received, on the day when received, there is no express provision requiring that the entry of the number of packages and pounds of oleomargarine disposed of shall be made at any particular time. To apply the words "on the day when received" to the number of packages and pounds of oleomargarine disposed of would limit the regulation so that entries of oleomargarine disposed of would be required only when disposed of on the day when received. This is an interpretation so unreasonable that it cannot be adopted; and, even if it were adopted, it would not aid the first 11 counts in the indictment. There is a failure to provide a specific time at which the entry of oleomargarine disposed of shall be made. The following provision is referred to by the United States Attorney as fixing a time:

"All transactions must be entered in the order of time in which they occur, the records as to one day's business being completed before those of the next day are commenced."

To require that the transactions must be entered in the order of time in which they occur is neither in terms nor in substance a requirement that the entry shall be made at the time of the disposal of goods. Books made up in the usual course of business at subsequent dates usually follow the order of time of the transactions, and entries are made in that order, though not on the day of the transaction.

It may be argued that as the entries of goods received are to be made on the day when received, and as the records of one day's business are to be complete before those of the next day are commenced, the records of sales made on that day must be entered on that day; but this does not aid the indictment. Doubtless, in the course of business, there are many days when a wholesale dealer in oleomargarine does not receive goods, but does dispose of goods. Records of sales might be entered at any time during the interval between the different receipts of oleomargarine, without violating the regulations.

Comparing the regulations concerning the entries in books and those concerning monthly returns, I find no requirement from which it follows that entries concerning goods disposed of shall be made upon the books at any particular time. As the returns need not be made until 10 days after the expiration of the month, it would follow that even if the returns were required to be made from the books, as distinguished from other memoranda, they might be made long after the expiration of the month. This defect in the regulation was remedied in the revised regulations of July, 1907, by the insertion after the words, "the number of packages and pounds of oleomargarine disposed of," of the words, "on days sold or removed."

The question before us, therefore, could not arise under the present regulations.

If a regulation is to have the force of law, and to subject the person who violates it to fine and imprisonment, it is very essential that it shall be drawn clearly enough to inform the dealer what he is required to do. Here, however, the question is not of some uncertainty in the choice of language, but of an absolute omission to require the entries of goods disposed of to be made at the time disposed of, or at any other specific time. Assuming that we could, by a most liberal construction, say that the books must be made up before the time of the returns, this would not save the first 11 counts of the indictment, since the indictment is predicated upon a duty to make entries during the month in which the goods are disposed of. In my opinion the first 11 counts of the indictment are erroneously predicated upon a requirement which is not made by the language of the regulations.

The remaining counts, from 12 to 24, inclusive, relate to the monthly returns. The provision is as follows:

"Wholesale dealers in oleomargarine will make monthly returns on form 217 (with inside sheets when needed to complete the detailed statements), showing in detail the number of packages and number of pounds of oleomargarine received direct from manufacturers and other wholesale dealers, also the quantity disposed of, with the name and address of each person to whom sold or consigned. These returns will be rendered on the first day of the month succeeding that for which the return is made, or within ten days thereafter, in duplicate, to the collector, who will forward one copy to the Commissioner of Internal Revenue."

Full compliance with this regulation is made if the wholesale dealer, in addition to the required returns of goods received, shall return the quantity disposed of with the name and address of each person to whom sold or consigned.

The indictment in the twelfth count charges that the defendant "did dispose of a certain number of packages and pounds of oleomargarine, but neglected to make monthly return showing in detail the number of packages and number of pounds disposed of as aforesaid, with the name and address of each person to whom the same was sold or consigned, as required by law." This charge may be true, and yet the defendant not guilty, since the regulation does not require him to return in detail the number of packages and pounds disposed of.

The remaining counts are each and all subject to the objection that they charge a failure to return the number of packages and pounds of oleomargarine disposed of, whereas the requirement is only "the quantity disposed of, with the name and address of each person to whom sold or consigned." Unless form 217 in some way supplements the requirement of the regulation, all of these counts are bad. Form 217, inside page, revised February 12, 1898, contains the following:

"Statement in detail of the quantity of oleomargarine disposed of by ————, wholesale dealer, taxed at $\frac{1}{4}\cancel{c}$ per pound, doing business at ———— street," etc.

On this form appear the following headings for entries:

"Date When Sent. By What Manufacturer Produced. Number of Packages. Number of Pounds. To Whom Sent. Designation. Place of Business or Residence. Post Office. County. State."

Upon the back of form 217 is a recapitulation showing among other things the quantity disposed of.

It seems impossible, however, that we should add to the requirements of the regulation, as formulated, matters contained in form 217 which are not specifically set forth in the regulation. If so, it is a criminal offense to fail to state by what manufacturer the oleomargarine disposed of was produced. To make criminal liability depend, not upon the terms of an act of Congress, nor upon the terms of the regulation adopted by the Commissioner of Internal Revenue with the approval of the Secretary of the Treasury, but upon the terms of a form referred to in this regulation, would go far beyond any decision which has been brought to my attention. The legal requirements upon the wholesale dealer must be found in the statute and in the regulations. So far as the forms go beyond, or differ from the statute or regulation, their provisions must be regarded as directory only. While a regulation may have the force of law, printed headings on a form, additional to the expressed terms of the regulation, do not, in my opinion, have the force of law.

I cannot agree with counsel for the defendant that the returns which are to be made are simply in relation to the books. In the expression, "shall keep such books and render such returns in relation thereto," the term "thereto" does not apply to books, but to the oleomargarine, or to the business of the dealer. Upon a reasonable construction of

the regulations, the entries required can be made by an agent of the dealer, and it seems to me that good criminal pleading would require the allegation that the dealer did not make, and did not cause to be made, the required entries.

As the foregoing objections are in my opinion fatal to the indictment, other objections need not be considered.

Motion to quash granted.