## UNITED STATES v. LAMSON.

### (Circuit Court, D. Rhode Island. September 28, 1909.)

### No. 2,631.

**1.** INTERNAL REVENUE (§ 25*)—OLEOMARGARINE—STATUTES—REGULATION.

The oleomargarine act (Act Cong. May 9, 1902, c. 784, § 6, 32 Stat. 197 [U. S. Comp. St. Supp. 1907, p. 641]) provides that wholesale dealers in oleomargarine shall keep such books and render such returns as the Internal Revenue Commissioner may require, and that such books shall always be open to the inspection of any internal revenue officer or agent. *Held*, that such section did not so limit the power of the Internal Revenue Commissioner as to authorize only the making of regulations requiring returns as to the contents of the books required to be kept by wholesale dealers; but that he was authorized to adopt a regulation requiring such dealers to make monthly returns showing the packages and pounds of oleomargarine received, the quantity disposed of, and the names and addresses of the consignees.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. § 72; Dec. Dig. § 25.*]

**2.** INTERNAL REVENUE (§ 25*)—OLEOMARGARINE ACT—REGULATION—RETURNS.

The oleomargarine act (Act Cong. May 9, 1902, c. 784, § 6, 32 Stat. 197 [U. S. Comp. St. Supp. 1907, p. 641]), requiring wholesale dealers in oleomargarine to keep books and render returns as required by the Commissioner of Internal Revenue, and the regulation requiring monthly reports by such dealers, did not make the sufficiency of the returns depend on their conformity to the books, but on their conformity to the facts; such dealers being required to make both their books and returns a correct record of the facts.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. § 72; Dec. Dig. § 25.*]

**3.** INTERNAL REVENUE (§ 25*)—OLEOMARGARINE—REGULATIONS—DISCLOSURE OF PURCHASERS—REASONABLENESS.

The oleomargarine regulations of December, 1904, requiring wholesale dealers to make monthly returns showing the names and addresses of purchasers, was not unreasonable.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. § 72; Dec. Dig. § 25.*]

**4.** INTERNAL REVENUE (§ 25*)—OLEOMARGARINE—REGULATIONS.

The oleomargarine act (Act Cong. May 9, 1902, c. 784, § 6, 32 Stat. 197 [U. S. Comp. St. Supp. 1907, p. 641]), requiring wholesale dealers in oleomargarine, process, renovated, or adulterated butter to keep books and render returns as required by the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, authorized the commissioner to require returns as to both dealers in oleomargarine and in process, renovated, or adulterated butter; and hence a regulation requiring monthly returns from dealers in oleomargarine only was not objectionable because it did not apply to dealers in process, renovated, or adulterated butter.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. § 72; Dec. Dig. § 25.*]

**5.** INTERNAL REVENUE (§ 39*)—OLEOMARGARINE—REGULATIONS—FICTITIOUS RETURNS.

The oleomargarine regulations of December, 1904, require monthly wholesale dealers' returns, showing in detail the number of packages and pounds of oleomargarine received from manufacturers and wholesale dealers, also the quantity disposed of, with the names and addresses of each person to whom sold or consigned. *Held* that, where the names of the purchasers as given in a wholesale dealer's return were wholly or partly

fictitious or erroneous, there was a violation of the regulation, though the·quantity disposed of was correctly disclosed.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. § 105 ; Dec. Dig. § 39.*]

6. INTERNAL REVENUE (§ 47*) — OLEOMARGARINE — REGULATIONS—VIOLATION— INDICTMENT.

Counts of an indictment against a wholesale dealer in oleomargarine, charging a failure to make a return of purchases and sales for a particular month under oleomargarine regulations of December, 1904, requiring such monthly returns, were not objectionable for uncertainty.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. § 147 ; Dec. Dig. § 47.*]

7. INDICTMENT AND INFORMATION (§ 137*)—OLEOMARGARINE REGULATIONS—MOTION TO QUASH.

Where an indictment for violating the oleomargarine regulations charged in several counts a failure to make any return for a particular month, whether such counts could be supported by evidence of the making of a false or incomplete return for that month could not be considered on a motion to quash the indictment.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 483 ; Dec. Dig. § 137.*]

George F. Lamson was indicted for failure to make returns under the oleomargarine act. On motion to quash the indictment. Denied. See, also, 162 Fed. 165.

Chas. A. Wilson, U. S. Atty., and G. H. Huddy, Jr., Asst. U. S. Dist. Atty.

Walter H. Barney, for defendant.

BROWN, District Judge. The indictment charges the defendant,·a wholesale dealer in oleomargarine, with failure to make returns required by section 6 of the act of May 9, 1902 (Act May 9, 1902, c. 784, 32 Stat. 197 [U. S. Comp. St. Supp. 1907, p. 641]), known as the "Oleomargarine Act," and by regulations made under said act. Section 6 provides :

"That wholesale dealers in oleomargarine, process, renovated or adulterated butter shall keep such books and render such returns in relation thereto as the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, may, by regulation, require; and such books shall be open at all times to the inspection of any internal-revenue officer or agent. And any person who willfully violates any of the provisions of this section shall for each such offense be fined not less than fifty dollars and not exceeding five hundred dollars, and imprisoned not less than thirty days nor more than six months."

By regulation of December, 1904, wholesale dealers were required to make monthly returns—

"showing in detail the number of packages and number of pounds of oleomargarine received direct from manufacturers and other wholesale dealers, also the quantity disposed of, with the name and address of each person to whom sold or consigned. These returns will be rendered on the first day of the month succeeding that for which the return was made, or within ten days thereafter, in duplicate, to the collector, who will forward one copy to the Commissioner of Internal Revenue."

The indictment is based wholly upon the failure to make returns required by the regulation. The first point in support of the motion to quash is that, by the provisions of section 6 of the oleomargarine act, the returns which may be required are explicitly confined to the books, and that, as the regulations go beyond this, they are not authorized by the statute. This point was raised in United States v. Lamson (C. C.) 162 Fed. 165–168, and was decided adversely to the defendant's present contention. The sufficiency of the returns depends upon their conformity with the facts, and not upon their conformity with the books. Both books and returns are to be a correct record of the facts. A construction which would lead to the conclusion that the returns were in conformity with the statute if correctly taken from the books, though the books were false, is artificial and unreasonable, and would serve no other purpose than to afford a violator of the regulation a ground of defense that is without substantial merit.

The regulation requires returns of the quantity of goods disposed of with the name and address of each person to whom sold or consigned. It is urged that such a return was not contemplated by the statute. It is contended that the requirement of the names and addresses of purchasers is an unnecessary and unreasonable interference with the personal and property rights of both the seller and the purchaser. It is said that:

"To require him to act without salary as a government agent for the detection of crime and to warrant the accuracy of the information furnished by him under pain of heavy fine and imprisonment is not a burden which should be placed upon a citizen by a Department regulation, unless it is unmistakably authorized by the provisions of the statute."

Apparently the object of this regulation is to trace the oleomargarine to the hands of others. As it has been decided by the Supreme Court that the oleomargarine act is justifiable as a revenue law, it is not clear that a regulation designed to assist in the tracing of property subject to a tax is unauthorized.

It is further argued that as section 6 of the oleomargarine act is applicable, not only to wholesale dealers in oleomargarine, but also to dealers in process, renovated, or adulterated butter, the regulation, which is confined to wholesale dealers in oleomargarine, and does not apply to dealers in process, renovated, or adulterated butter, is not in conformity with the statute. If, however, the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, is authorized to require returns as to both, I see no reason why a failure to do so as to dealers in process, renovated, or adulterated butter should render invalid the requirement as to dealers in oleomargarine.

It is further argued that, so far as appears in the first eleven counts of the indictment, the defendant has complied with the regulations therein set forth. The first three counts allege that certain sales of oleomargarine reported in the return as made to certain persons had not, in fact, been made to such persons. Assuming that the whole amount reported as sold was actually sold, but that it had not been sold to the persons whose names are reported, it follows that it was sold to persons not reported in respect of their names and addresses. Ac-

cording to the statement of the attorney for the United States, this is the theory upon which the indictment is drawn. If it is correct to hold that the regulation properly requires that the names and addresses of the persons to whom oleomargarine is sold be given, the defendant's argument upon this point is unsound. The defendant argues that the regulation is complied with if only the quantity disposed of is given, though the names of the persons to whom sold or disposed of are wholly or partly fictitious or erroneous. Only if the requirement of names and addresses is invalid is there force in the defendant's argument on this point.

The twelfth, thirteenth, and fourteenth counts are in very general language, and are objected to for uncertainty. Each of these counts charges a failure to make a return for a particular month, and in this respect is not objectionable for uncertainty. In each count is charged the failure to make a return showing the quantity of oleomargarine disposed of during the month, with the name and address of each person to whom the same was sold or consigned. Each of the last three counts seems to be sufficient to charge a total failure to make any return for a particular month. Whether either of these counts can be supported merely by evidence that a return actually made was in some particular false or incomplete is a question which cannot properly be considered on the motion to quash.

The motion to quash is denied as to each and every count.