## UNITED STATES v. TURNER BROS., Inc., et al.

### Cr. 36340.

District Court, E. D. New York.

June 26, 1935.

Leo J. Hickey, U. S. Atty., of Brooklyn, N. Y. (Kenneth E. Vought, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Charles J. Buchner, of Brooklyn, N. Y., for defendants Turner Bros., Inc., and Emil J. Hirtzel.

Joseph M. Crooks, of Brooklyn, N. Y., for defendants Nicholas Santagata and Alexander Westerlind.

Leonard Greenstone, of Brooklyn, N. Y., for defendants Smith, Solomon Trucking Co., Inc., and Herman Smith.

MOSCOWITZ, District Judge.

Under the first count of the indictment herein, all of the defendants are charged with a conspiracy to file an incorrect and false report under Joint Resolution of Congress No. 373 (73d Congress, Sess. 2, ch. 611), approved June 18, 1934 (48 Stat. 1020 [26 USCA § 275]), entitled, "Joint Resolution to protect the revenue by requiring information concerning the disposition of substances used in the manufacture of distilled spirits."

The second, and remaining, count is a substantive count and charges that in violation of the said Joint Resolution No. 373 defendants Nicholas Santagata and Alexander Westerlind, doing business as the S. & W. Sugar Company, and having a place of business in this district, did sell, consign, and otherwise dispose of a quantity of sugar of the character used in the manufacture of distilled spirits, having first been notified by the District Supervisor of the Second District, of the State of New York, Alcohol Tax Unit, Bureau of Internal Revenue, to render in writing a return correctly showing the consignment, sale, or other disposal of substances used in the manufacture of distilled spirits; and the said Santagata and Westerlind did unlawfully, willfully, and knowingly render to the District Supervisor a return showing that on or about March 25, 1935, they consigned, and otherwise disposed of, to one C. Calgano, 61,400 pounds of Type No. 13 sugar, whereas in truth and in fact the said Santagata and Westerlind did well know that the return was incorrect and false. The other defendants are charged with un-

lawfully aiding, abetting, and inducing the said Santagata and Westerlind to render the said return knowing of the falsity thereof.

■ By the filing of the demurrers herein, defendants attack the validity of Joint Resolution No. 373 and Regulations No. 17 prescribed thereunder. The resolution (26 USCA § 275) provides that: "Every person disposing of any substance of the character used in the manufacture of distilled spirits shall, when required by the Commissioner, render a correct return in such form and manner as the Commissioner, with the approval of the Secretary of the Treasury, may by rules and regulations prescribe, showing the names and addresses of the persons to whom such disposition was made, with such details, as to the quantity so disposed of or other information which the Commissioner may require as to each such disposition, as will enable the Commissioner to determine whether all taxes due with respect to any distilled spirits manufactured from such substances have been paid. Any person who willfully violates any provision hereof, or of any such rules or regulations, and any officer, director, or agent of any such person who knowingly participates in such violation, shall upon conviction be fined not more than $500 or be imprisoned for not more than one year, or both. As used in this section (a) the term 'distilled spirits' has the same meaning as that in which it is used in title II of the Liquor Taxing Act of 1934 [sections 267 to 273 of this title]; (b) the term 'person' includes individuals, corporations, partnerships, associations, trusts, and other incorporated and unincorporated organizations; (c) 'Commissioner' means the Commissioner of Internal Revenue; and (d) the term 'substance of the character used in the manufacture of distilled spirits' includes, but not by way of limitation, molasses, corn sugar, cane sugar, and malt sugar.''

Regulations No. 17 (as amended), so far as material here, provide:

"Article II. Every person in the United States who consigns, sells or otherwise disposes of any substances, as defined in paragraph (d) of Article I of these regulations, shall, when required in writing by the Commissioner or Supervisor, render in writing a correct return under oath showing (1) the date of the consignment, sale, or other disposition of the substance; (2) the quantity and kind of the substance consigned, sold, or otherwise disposed of; (3) the name and complete address of the purchaser, or person to whom disposition is made, and if the sale or disposition is made by or through any other person, the name and complete address of such other person; (4) the name and complete address of the consignee; (5) the date and method of shipment or delivery, such as by truck, or other conveyance, and the state or city registration number of such truck, or other conveyance, if any; (6) the name and complete address of the driver of such truck, or other conveyance, as shown by the driver's operator's license, if any, giving the number of the license and the date of issuance; (7) the name and complete address of the person to whom actual delivery has been, or is to be, made; and (8) the exact date of such delivery, or proposed delivery. Where shipment is made by a common carrier, such as a railroad, trucking company, steamboat line, etc., the information required by subdivisions (5) and (6) of this Article need not be reported, but in lieu there shall be furnished the complete routing of the shipment."

"Article III. Every person in the United States who consigns, sells, or otherwise disposes of any substance, as defined in paragraph (d) of Article I of these regulations, shall keep at his place of business such books, records, documents, papers, invoices, bills of lading, etc., relating to or connected with any such consignment, sale, or other disposition, as will enable such person to make the return provided for by Article II of these regulations: Provided, That, unless the Commissioner or Supervisor shall, in writing, notify any such person so to do, he shall not be required to keep such books, records, documents, papers, invoices, bills of lading, etc., when the consignment, sale or other disposition of any such substances at the same time, does not exceed the following: (a) 300 pounds of cane, corn, or beet sugar; (b) 250 gallons of black strap molasses, or (c) 5 pounds of yeast when packaged or cartoned in quarter pound, half pound, pound, or larger packages; (d) 100 gallons cider; (e) 250 pounds malt; (f) 300 pounds of hydrated molasses; (g) 250 gallons of hydrol or sugar syrup. When any person has made a return pur-

suant to the procedure provided for in Article II of these regulations, such book, records, documents, papers, invoices, bills of lading, etc., shall be kept readily available for, and open to, inspection by any officer or employee of the Alcohol Tax Unit of the Bureau of Internal Revenue during the hours of business of such person."

It is not the province of this court to lightly brush aside an act of Congress as violative of constitutional principles, no matter how limited in scope its application may be. I find nothing in the statute in question to warrant the conclusion that Congress exceeded its powers in the enactment thereof.

The crime which the indictment attempts to charge relates to the filing of an incorrect and false report under Joint Resolution No. 373. Defendants argue that a reading of the indictment demonstrates that all the transactions for the sale of the sugar took place within the state of New York and that "the interpretation given to the statute for the purpose of obtaining this indictment interprets it as regulating intrastate commerce." It is difficult to perceive how the geographical scope of the transactions set forth in an indictment can be used to interpret the purpose of the statute upon which the indictment is based. It is sufficient answer, at any rate, that Joint Resolution No. 373 is not predicated upon the Commerce Clause (article 1, § 8, cl. 3), but rather upon the power of Congress to tax as granted in article 1 of section 8 of the Constitution (clause 1).

■ It is said that Joint Resolution No. 373 attempts to delegate legislative power to the Commissioner of Internal Revenue of the United States. Defendants state this to be the main ground of their attack upon the constitutionality of the resolution. They argue that the provisions requiring persons disposing of any substance of the character used in the manufacture of distilled spirits to render a correct return containing certain data, when required by the Commissioner, is an unlimited grant to the Commissioner to determine when a crime is committed by determining what substance comes within the scope of the act and when and how he wants a report filed.

I do not think this provision constitutes an attempt by Congress to delegate unlimited legislative power to an executive. In United States v. Lamson (C. C.) 173 F. 673, the indictment charged the defendant therein, a wholesale dealer in oleomargarine, with failure to make returns required by section 6 of the Act of May 9, 1902 (Act May 9, 1902, ch. 784, 32 Stat. 197 [26 USCA §§ 548, 581]), known as the "Oleomargarine Act" and by regulations made under said act. The act (section 6 [26 USCA §§ 548, 581]) provided that: "Wholesale dealers in oleomargarine, process, renovated, or adulterated butter shall keep such books and render such returns in relation thereto as the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, may, by regulation, require; and such books shall be open at all times to the inspection of any internal-revenue officer or agent. And any person who willfully violates any of the provisions of this section shall for each such offense be fined not less than $50 and not exceeding $500, and imprisoned not less than thirty days nor more than six months."

The motion to quash the indictment was denied and the constitutionality of the act was reaffirmed. Joint Resolution No. 373 does not confer upon the Commissioner of Internal Revenue greater power than that which was conferred upon the Commissioner under the aforesaid Oleomargarine Act. It is my opinion that Joint Resolution No. 373 is constitutional.

■ It need only be said of Regulations No. 17 that they provide, in substance, for the details of the reports required to be made under the resolution. They in no wise attempt to create a new offense, but rather are in execution of and supplementary to the law. There is no improper delegation of power. United States v. Bailey, 9 Pet. 238, 9 L. Ed. 113; United States v. Eaton, 144 U. S. 677, 12 S. Ct. 764, 36 L. Ed. 591; Caha v. United States, 152 U. S. 211, 14 S. Ct. 513, 38 L. Ed. 415; United States v. Lamson (C. C.) 173 F. 673.

Demurrers overruled. Settle orders on notice.