## UNITED STATES v. MUSTARI.
### No. 7127.

Circuit Court of Appeals, Seventh Circuit.

Feb. 3, 1940.

Joseph A. McInerney and Ode Rankin, both of Chicago, Ill., for appellant.

William J. Campbell, U. S. Atty., Martin Ward and Martin S. Gerber, Asst. U. S. Attys., and Elbert H. Loyd, and Joseph H. Collier, Attys., U. S. Treasury Department, all of Chicago, Ill., for appellee.

Before SPARKS, TREANOR, and KERNER, Circuit Judges.

TREANOR, Circuit Judge.

This is an appeal from a judgment of conviction of defendant-appellant who was charged with violating Section 2811 of the Internal Revenue Code,[1] by failing to make required reports and returns respecting dispositions of sugar.

The section of the statute in question requires every person disposing of any substance of the character used in the manufacture of distilled spirits to render a correct return, when required by the Commissioner, in such form and manner as the Commissioner, with the approval of the Secretary of the Treasury, may by rules and regulations prescribe; such return to show the names and addresses of the persons to whom such disposition is made and to include details as to the quantity so disposed of or other information which the Commissioner may require as to each such disposition. The section further provides that any person who wilfully violates any provision of the section "or of any such rules or regulations" shall upon conviction be fined not more than $500 or be imprisoned for not more than one year, or both. It is indicated by the language of the section that the purpose of requiring the return is to "enable the Commissioner to determine whether all taxes due with respect to any distilled spirits manufactured from such substances have been paid."

The propositions relied upon and urged by defendant on appeal may be summarized as follows: (1) The indictment does not charge a crime under the act of Congress in question for the reason that the indictment alleges a demand for reports on sugar disposed of prior to December 10, 1938, but charges defendant with having failed to make reports of dispositions made after December 10, 1938. (2) The court erred in admitting improper evidence on behalf of the government. (3) The proof offered by the government failed to show dispositions of sugar on any one of the dates of January 24, 25, or 26, 1939.

As pointed out by defendant the language of the pertinent section requires the persons affected by the section, "when required by the Commissioner," to render a correct return showing the names and addresses of the persons "to whom such disposition

---

[1] 26 U.S.C.A. § 1162a, June 18, 1934, c. 611, 48 Stat. 1020.

*was made."* (Our italics.) And defendant construes the language as authorizing the Commissioner to demand reports only of past dispositions and concludes that the Commissioner cannot make a rule or regulation which will require, upon demand, reports to be made of future dispositions. On the basis of the foregoing construction the defendant argues that the indictment does not charge an offense under the section since it is alleged in the indictment that defendant received the ·demand on December 10, 1938, to make returns of dispositions, and since it is further alleged that the dispositions involved in the prosecution were made on January 24, 25, and 26, 1939.

We are unable to accept defendant's construction of the language of the act. The meaning is clear. "Every person disposing of any substance * * * shall, when required by the Commissioner, render a correct return * * * showing the names and addresses of the persons to whom such disposition was made, with such details as to the quantity so disposed of * * * as will ˙enable the Commissioner to determine whether all taxes due with respect to any distilled spirits manufactured from such substances have been paid." The past tense of the verb in the phrase "disposition was made" is used in reference to the time of the making of a return and not in reference to the time that demand is made by the Commissioner upon the one required to make a return.

The statute is not self-executing in respect to the imposition of penalties for the violation of the act by failure to make required returns. It is only when the Commissioner has adopted regulations in conformity with the act and has issued notice to dealers to furnish returns that the dealers have any duty under the act to make returns. Since the penalties imposed are criminal penalties, and since there is no language which expressly requires dealers to make returns for dispositions which are made prior to the demand

for returns, the language should not be given a retrospective effect to include such past dispositions. If the act had imposed the duty to make returns without conditioning that duty upon a formal regulation and requirement by the Commissioner, we think it is clear that language identical with the language in question would be construed to require reports only of such dispositions as should be made after the act became effective.[2] Since under the provisions of the section the act does not become effective as against dealers until the Commissioner has indicated that they are required to make a return, we think the proper construction of the language must be that the dealers shall render returns on all dispositions made after demand by the Commissioner.

We conclude that the indictment charges a violation of Section 2811 of the Internal Revenue Code, supra.

We cannot justify an extended discussion of all the grounds of defendant's contention that the proof offered by the government failed to show dispositions of sugar on each of the three dates of January 24, 25 and 26, 1939. Our examination of the testimony and supporting exhibits leaves no doubt that the District Court properly appraised the force of the evidence when he made the following comment: "I think it is seldom that a ᐧcase is proven with the clarity of this one. Here is a paper case that is complete.— It is seldom that we find a case as full and complete aş this one."

The evidence clearly establishes that on each of the dates relied upon the defendant purchased 60 bags of Laura sugar from the Sugar Supply Corporation and in each instance received an order on the company's warehouse for delivery of the sugar. One Smith, who was employed by the defendant, drove a truck to the Supply Company's warehouse and obtained the 60 bags of Laura sugar and then drove the truck load of sugar to a point near a garage which was located about

---

[2] "It is a settled rule of statutory construction that a law is presumed, in the absence ˏof clear expression to the contrary, to operate prospectively. * * * Indeed, for a statute to be construed as operating retrospectively, it must not only be clear that it so operates, but its retrospective character must be derived from 'the unequivocal and inflexible import of the terms, and the manifest intention of the legislature.' (Union Pacific Railroad Company v. Laramie Stockyards Company, 231 U.S. 190, 34 S.Ct. 101, 102, 58 L.Ed. 179) or, as said in United States v. Heth, supra, 3 Cranch [399], 413, 2 L.Ed. 479, the declaration of retroactivity must be 'clear, strong, and imperative.' " United States v. McKinney, 6 Cir., 107 F.2d 879, 881.

two miles from the warehouse. Smith left the truck and shortly afterwards another person appeared and drove the loaded truck into the garage. In a short time the unloaded truck was driven from the garage and parked where Smith had left it earlier in the afternoon. Later in the afternoon Smith was driven by the defendant back to the place where he had left the loaded truck. Smith then drove the truck to the garage from which the defendant rented a truck on the afternoon of each of the three days. Smith testified that he had made about eight trips and that "the same procedure would be followed on each of these trips."

The evidence also tended to show that shortly after the truck which had been driven by Smith had emerged from the garage without its load of sugar another truck, heavily loaded, emerged from the garage and was driven to the rear of a building some distance away where, on January 26, 1939, a large still was found. When the still was raided on the evening of January 26, 1939, the officers found there a truck partially loaded with Laura sugar, and the evidence clearly established that this truck was the one which had been seen to emerge from the garage on January 24, 25, and 26, 1939, shortly after defendant's empty truck had been driven from the garage.

■ Obviously it was the purpose of the government to show that the sugar which the defendant unquestionably bought on each of the three days in question and caused to be left near the transfer garage was left there to be transported to the still. It was a necessary inference from the course of dealing followed by the defendant that the sugar was left near the garage with the intent that some person take possession of it, and that the person who did take possession of it did so with the consent of defendant. It is not material whether the sugar ultimately was used in the making of illicit spirits. The offense denounced by the statute is making a disposition of any substances of the character used in the manufacture of distilled spirits, which includes sugar, without rendering a return showing the names and addresses of persons to whom such disposition was made. The evidence clearly showed that the defendant bought and disposed of the 60 bags of Laura sugar on each of the days of January 24, 25 and 26, 1939, to some person or persons who took possession of it at the garage near which defendant's driver, Smith, had left his truck load of sugar. And since it is unquestioned that defendant did not make a return of the three dispositions of sugar, the evidence clearly established the commission of the offense charged in the indictment.

■ Defendant urges that the District Court's ruling upon objections to certain evidence was erroneous and prejudicial. One of the government's witnesses testified that he saw a truck which appeared to be heavily loaded and which carried the license No.B27312 entering the premises upon which the still was found. The Court had heard testimony to the effect that a loaded truck bearing this same number had come out of the garage into which had been driven the truck which defendant's driver had parked near the garage. Defendant objected to the testimony on the ground that it was "irrelevant to the issue involved." In view of the evidence which was already before the court we think the testimony was relevant. The transactions at and near the transfer garage in respect to which testimony had already been given, furnished some evidence that the truck bearing the number B27312 had left the garage loaded with the same sugar which had been brought to the vicinity of the garage by defendant's driver, and testimony that this same truck was entering the premises at the place where a still and bags of Laura sugar were later found was some evidence that this particular truck was being used to transport the Laura sugar, which defendant had purchased from the Sugar Supply Corporation, from the transfer garage to the place of final disposition of the sugar.

We conclude that there is no error in the record and the judgment of the District Court is affirmed.