## UNITED STATES v. SIGNORE.
### No. 7295.

Circuit Court of Appeals, Seventh Circuit.
Oct. 30, 1940.

670

George F. Callaghan, Jos. V. Murphy, and John C. Melaniphy, all of Chicago, Ill., for appellant.

Wm. J. Campbell, U. S. Atty., Martin S. Gerber, Martin Ward, and Joseph H. Collier, Atty., U. S. Treasury Department, all of Chicago, Ill., for appellee.

Before MAJOR and KERNER, Circuit Judges, and BRIGGLE, District Judge.

MAJOR, Circuit Judge.

This is an appeal from a judgment of conviction on a five-count indictment charging violations of Title 26, United States Code Annotated, Sec. 2811, Internal Revenue Code. The trial was had to the court without a jury and at the conclusion of plaintiff's case the court sustained the defendant's motion for a finding of not guilty on Counts 1 and 3, and denied such motion as to the other Counts. The defendant offered no evidence and was found guilty on Counts 2, 4 and 5. A sentence of one year and a fine of $500 was imposed on each Count, the sentences to run concurrently.

The errors presented and argued on this appeal are (1) the court erred in overruling defendant's demurrer to the indictment, (2) the court erred in the admission of evidence, and (3) the evidence discloses a variance between the charge and the proof.

The statute upon which the prosecution is predicated, so far as here material, provides: "Every person disposing of any substance of the character used in the manufacture of distilled spirits shall, when required by the Commissioner, render a correct return in such form and manner as

the Commissioner, with the approval of the Secretary (of the Treasury), may by rules and regulations prescribe, showing the names and addresses of the persons to whom such disposition was made, with such details, as to the quantity so disposed of or other information which the Commissioner may require as to each such disposition, as will enable the Commissioner to determine whether all taxes due with respect to any distilled spirits manufactured from such substances have been paid. * * *"

Each of the Counts charges, in substance, that the defendant was engaged in the business of selling, consigning and disposing of certain food stuffs and substances of the character used in the manufacture of distilled spirits, to-wit: sugar; and while engaged in said business and after receiving the demand letter provided in the statute and regulations requiring and demanding that the defendant, among other things, furnish in writing, returns showing each and every consignment, sale or disposition by the said defendant of all amounts of substances of the character used in the manufacture of distilled spirits "did dispose of a large quantity of substances of the character used in the manufacture of distilled spirits * * * namely, to-wit: 100 pounds of sugar," (Count 2) and that the defendant "did fail to make or deliver any report to the said Commissioner of the disposition of said sugar." Counts 4 and 5 are substantially the same except as to dates, and in Count 5 the defendant is charged with a failure "to make and render a correct return."

The principal argument made against the validity of the charge is that it is vague, indefinite and uncertain and, therefore, void. A large number of cases are cited which support the general proposition thus stated but which, we think, are not applicable to the situation before us. It seems apparent that the essential elements of the offense condemned by the statute are (1) that the person charged has been required to make a return, (2) that substances of the character named in the statute have been disposed of, and (3) a failure to render the required return. The Counts of the indictment aver these three necessary and essential elements. In United States v. Mustari, 7 Cir., 109 F.2d 438, this court passed upon an indictment almost identical in form and approved its validity. It is argued by the defendant that the rules and regulations prescribed by the Commissioner should have been set forth in the indictment, and that otherwise the defendant was not advised as to the character of return required. We do not think this was necessary. If the defendant was in doubt as to the charge he was required to meet, he could have properly applied for a bill of particulars, "* * * otherwise it may properly be assumed as against him that he is fully informed of the precise case which he must meet upon the trial. * * *" Rinker v. United States, 8 Cir., 151 F. 755, 759. In addition, the indictment alleges in substance that the defendant was required to furnish to the Commissioner the information "upon certain blank forms so furnished by the Commissioner to the defendant." It is to be noted that the Counts of the indictment do not charge the making of a false report, but a failure "to make or deliver any report." It is also pointed out that the indictment uses the words "a demand letter" when no such words are to be found in the statute. It seems plain, however, that these words comply with the statutory language "when required by the Commissioner." It is also contended that the indictment is defective because of a failure to charge that any distilled spirits were manufactured from the substances sold and it does not charge that any tax became due and payable because of such manufacture. We think there is no merit in this contention. We have heretofore, in United States v. Mustari, supra, denied this contention and, we think, properly so.

It is argued that the statute is void because it is not complete within itself, but must be supplemented by rules and regulations promulgated by the Commissioner of Internal Revenue. Again this court, in United States v. Tishman, 7 Cir., 99 F.2d 951, considered this argument and, we think, correctly decided it contrary to defendant's contention. It would serve no useful purpose for us to elaborate on our views as expressed in that case.

It is argued that Government's Exhibits 1 and 2 were improperly received in evidence. Exhibit 1 is the demand letter referred to in the indictment, and Exhibit 2 is the amended regulations promulgated by the Commissioner of Internal Revenue with the approval of the Secretary of the Treasury. Exhibit 1 was signed by E. C. Yellowley, District Supervisor, which, it is contended, is not in conformity with the statutory requirement "when required by the Commissioner." Section 5 of the

"Liquor Enforcement Act of 1936," Section 3170 of the Internal Revenue Code, 26 U.S.C.A., empowers the Secretary of the Treasury to confer and impose upon any officer of the Treasury Department any power or duty imposed upon any other officer of the department by any law relating to taxation of distilled spirits. The statute in question has been held to be such a law. Di Santo v. United States, 6 Cir., 93 F.2d 948. The regulations promulgated by the Commissioner with the approval of the Secretary of the Treasury specifically authorize the District Supervisor to request the return provided for in the statute. We are of the opinion that this was sufficient authority for the signing of Exhibit 1 by the District Supervisor and that it was properly received in evidence.

■ It is contended that the Commissioner's rules and regulations are invalid and should not have been received in evidence for the reason that they were approved by Roswell Magill, Acting Secretary of the Treasury. It is claimed there is no such official as an Acting Secretary and that the approval by such designated official does not comply with the statutory requirement that the rules and regulations be approved by the Secretary of the Treasury. No cases are cited in support of defendant's position, but there are numerous cases where the same or a similar question has been decided adversely.[1]

■ It is also argued that there is a variance between the charge and the proof. The contention is, as we understand, that the proof did not disclose the same amount of sugar disposed of as alleged in the various Counts of the indictment. Each Count alleges the quantity of sugar disposed of under a videlicet, thus dispensing with strict proof as to quantity alleged. No authority is cited in support of defendant's contention in this respect, and we are unable to see, under the circumstances presented, how defendant could have been prejudiced by proof that he disposed of sugar in quantities greater than that charged. If he had been charged with making a false return or an incorrect return, it is conceivable that a different situation might be presented. In this same connection, it is contended that the defendant was prejudiced by the admission of testimony relating to disposals of sugar on dates other than those charged in the indictment. These disposals covered the general period of time covered by the indictment, but on different dates. We are of the opinion that such evidence was properly received as bearing on the allegation of the indictment that the defendant was "engaged in the business of selling, consigning and disposing of certain food stuffs, * * *" Also, it is to be noted that the statute confers upon the court great latitude in fixing the punishment for the violation thereof. The penalty prescribed is a fine of not more than $500, or imprisonment of not more than one year or both. Thus, the fine may be one dollar or $500, and imprisonment may be for one day or one year. Certainly it was not improper for the court to be advised and take into consideration the magnitude of the business in which the defendant was engaged in determining the punishment to be imposed. For that reason alone, we think the evidence was properly received and considered by the court.

There can be no doubt that the guilt of the defendant was conclusively established, and we find no error which requires a reversal of the judgment. It is, therefore, affirmed.

---

[1] Anderson v. P. W. Madsen Inv. Co., 10 Cir., 72 F.2d 768, 771; Perry v. Page, 1 Cir., 67 F.2d 635; Roth v. Baldwin 64 App.D.C. 90, 74 F.2d 1003.