**UNITED STATES v. ELLER et al.**
**No. 6677.**

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 9, 1953.
Decided Dec. 17, 1953.

ment charging in twenty counts that the defendants, wholesale grocers of North Wilkesboro, North Carolina, had disposed of more than two million pounds of sugar without making the returns with regard thereto which the law requires in such cases. The sales and dispositions complained of in the indictment were made subsequent to April 1, 1951, and the trial judge was of opinion that no crime was charged because no written demand for such returns had been made upon defendants subsequent to the adoption of Amended Regulations 17, promulgated on that day, although written demand had been made prior thereto. In this we think there was error.

The statute applicable is 26 U.S.C. § 2811, which provides:

> "Every person disposing of any substance of the character used in the manufacture of distilled spirits shall, when required by the Commissioner, render a correct return in such form and manner as the Commissioner, with the approval of the Secretary, may by rules and regulations prescribe, showing the names and addresses of the persons to whom such disposition was made, with such details, as to the quantity so disposed of or other information which the Commissioner may require as to each such disposition, as will enable the Commissioner to determine whether all taxes due with respect to any distilled spirits manufactured from such substances have been paid. Any person who willfully violates any provision hereof, or of any such rules or regulations, and any officer, director, or agent of any such person who knowingly participates in such violation, shall upon conviction be fined not more than $500 or be imprisoned for not more than one year, or both. As used in this section, (a) the term 'distilled spirits' has the same meaning as that in which it is used in section 2803; (b) the term 'person' includes individuals, corporations, partnerships, associations, trusts, and other

Bryce R. Holt, U. S. Atty., Greensboro, N. C., for appellant.

Kyle Hayes, No. Wilkesboro, N. C. (Clyde Hayes, No. Wilkesboro, N. C., on the brief) for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is an appeal by the United States from a judgment dismissing an indict-

incorporated and unincorporated organizations; and (c) the term 'substance of the character used in the manufacture of distilled spirits' includes, but not by way of limitation, *molasses, corn sugar, cane sugar, and malt sugar.*" (Italics supplied.)

Pursuant to the authority given him by this statute, the Commissioner of Internal Revenue adopted Regulations No. 17, which were approved by the Secretary of the Treasury, and amended from time to time. The provision of the regulations relating to manner and form of the return as contained in the regulations issued in 1945 was as follows:

"Sec. 173.4 Requirement of Returns.—(a) Returns required.—Every person in the United States who disposes of any substance, as defined in section 173.3(b) of these regulations, shall, when required in writing by the Commissioner of Internal Revenue, the Deputy Commissioner in charge of the Alcohol Tax Unit, or a district supervisor or acting district supervisor of the Alcohol Tax Unit, *and until notified to the contrary in writing by such an officer,* for the purpose of enabling the determination, in accordance with law, as to whether all taxes due with respect to any distilled spirits manufactured from such substances have been paid, render in writing correct returns showing (1) the date of each disposition of such substances, and in such quantities, as may be specified in the formal notice requiring such returns; (2) the quantity and kind of each substance disposed of; (3) the name and complete address of each purchaser, consignee, and other person actually receiving such substances, and of any other person for, by, or through whom the substances were ordered or disposed of; (4) the date and method of shipment or delivery; and (5) if delivered or shipped by truck or similar conveyance, the State or city registration number of such truck or conveyance, and the name and complete address of the operator of such truck or conveyance as shown by his operator's license, giving the number of such operator's license and the date of its issuance. * * *". (Italics supplied).

Pursuant to the statute and the foregoing provision of Regulations 17, the District Supervisor of the Alcohol Tax Unit served written notice by means of a letter of September 22, 1947, written to and received by the defendants, requiring them to file with him correct weekly returns in writing showing each sale of 200 or more pounds of sugar to any customer on any one day, with requirements as to returns of the sales of certain other commodities not here material. The letter, which called attention to the penalties provided for violation of the statute or the regulations, contained express notice that its requirements would remain in effect until withdrawn.

On April 1, 1951, Regulations 17 were republished with a rearrangement and renumbering but practically no other change. The provision requiring returns was verbatim the same as in the 1945 publication except that section "173.11" was substituted for "173.3(b)". "173.-11" of the 1951 regulations was verbatim the same as "173.3(b)" of the regulations of 1945 except that "charred kegs or barrels" was added to the list of substances the sales of which had to be reported. Furthermore the 1951 regulations contained a provision to the effect that they should not "affect or limit any act done or any liability incurred under any regulations superseded" by them.

■ It will be noted that the statute as well as the regulation requires returns to be made "when required by the Commissioner", and that only the form and manner of the return is left to the regulations. United States v. Turner Bros., D.C., 11 F.Supp. 908; United States v. Goldsmith, 2 Cir., 91 F.2d 983; United States v. Tishman, 7 Cir., 99 F.2d 951. The Commissioner through the supervisor of the Alcohol Tax Unit had, in the letter of September 22, 1947, required

that returns be made in accordance with the statutory provision and had specified the manner and form of the return in accordance with regulations duly prescribed and approved. The regulations of April 1, 1951, did not change these regulations in any respect but merely rearranged and renumbered them and expressly provided that they should not "affect or limit" any act done under regulations superseded by them. We think it clear that defendants were not absolved of the duty to make returns in accordance with the requirement of the statute and the letter of September 22, 1947 by reason of the amendment of the regulations in 1951, which made no change in their substance. Not only did the letter provide that its requirements should remain in effect until withdrawn, but the sending of the letter making the requirements was "an act done" the effect of which was expressly preserved by the regulations as republished, if the regulations in effect prior to the republication be regarded as superseded.

■ This is not a case where a statute has been repealed and a new statute enacted in its stead. It is a case where regulations are republished for the sole purpose of rearranging and renumbering their sections and with express provision that acts theretofore done under existing regulations shall not be affected thereby. We do not think that such republication could have the effect of nullifying the requirement contained in the letter written pursuant to the statute and the existing regulations or that there was any necessity for giving a new notice to bring defendants under the compulsion of the statute to file returns as required thereby. The statute providing for the returns when required by the Commissioner had not been amended and there had been no withdrawal of the requirement contained in the letter of September 22, 1947. There is and could be no contention that the republication of the regulations made any change in the form or manner of the returns required, which was all that was left to be determined by the regulations.

The case comes to this: the statute requires returns upon the demand of the Commissioner and the demand had been made and not withdrawn. See United States v. Mustari, 7 Cir., 109 F.2d 438, 440. As said in the case cited: "Since under the provisions of the section the act does not become effective as against dealers until the Commissioner has indicated that they are required to make a return, we think the proper construction of the language must be that the dealers shall render returns on all dispositions made after demand by the Commissioner."

For the reasons stated, the judgment appealed from will be reversed and the case will be remanded to the end that defendants may be required to answer to the charges contained in the indictment.

Reversed.