## ROTH v. BALDWIN.
### No. 6230.

United States Court of Appeals for the District of Columbia.

Argued Nov. 12, 1934.

Decided Dec. 10, 1934.

Alvin L. Newmyer and David G. Bress, both of Washington, D. C., for appellant.

Swagar Sherley, Frederick DeC. Faust, and Charles F. Wilson, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

Suit was brought in the Supreme Court of the District of Columbia by the receiver of the Commercial National Bank, of Washington, against Martin Roth, defendant, to recover the sum of $16,700, with interest, being the amount assessed by the Acting Comptroller of the Currency against the defendant, as the holder of 167 shares of the capital stock of the Commercial National Bank.

In the particulars of demand it is alleged by the Acting Comptroller of the Currency that "upon a proper accounting by the receiver heretofore appointed to collect the assets of the Commercial National Bank of Washington, District of Columbia, and upon a valuation of the uncollected assets remaining in his hands, it appears to my satisfaction that in order to pay the debts of such association it is necessary to enforce the individual liability of the stockholders therefor to the extent * * * of the par value of each and every share of capital stock of the stock of said association held or owned by them respectively at the time of its failure." The receiver was accordingly directed to take all necessary proceedings, by suit or otherwise, to enforce the liability of the shareholders.

Objection was interposed by demurrer in the court below to the sufficiency of the particulars of demand, in that it was made by the Acting Comptroller, and the failure to show that his action was under the direction of the Comptroller or the Deputy Comptroller, and on the further ground that there is no provision of statute for any such officer as Acting Comptroller of the Currency. The office of Deputy Comptroller is created by statute, which provides that he "shall possess the power and perform the duties attached by law to the office of comptroller during a vacancy in the office or during the absence or inability of the comptroller." Section 4, title 12, USCA.

A similar objection to a certificate signed by the Acting Comptroller was made in the case of Keyser v. Hitz, 133 U. S. 138, 10 S. Ct. 290, 293, 33 L. Ed. 531, where the court, disposing of this contention, said: "This court takes judicial notice of the fact that Mr. Langworthy was, at the date of his certificate, deputy comptroller of the currency; and it will be assumed that at the date of his certificate he was authorized to exercise the powers and discharge the duties of the comptroller, and was therefore, at the time, acting comptroller." We may likewise take judicial notice of the fact that at the time the particulars of demand were made in this case, F. G. Awalt was Deputy

Comptroller of the Currency and fully authorized to make the demand as Acting Comptroller.

It is further contended by defendant that the declaration is defective, in that it does not allege in specific terms that the bank was insolvent. We think the averments of the declaration as to the action of the Comptroller of the Currency are sufficient. It is averred that "the Acting Comptroller of the Currency determined that in order to pay the debts of the said Commercial National Bank it was necessary to enforce the individual liability of the stockholders therefor, and by virtue of the authority vested in him by law, the said Acting Comptroller of the Currency on said date last named (March 25, 1933) made an assessment and requisition upon all of the shareholders of record of the said Commercial National Bank of Washington for the sum of one million ($1,000,000.00) dollars, that amount constituting an assessment of one hundred (100%) percent of the par value of all of the shares of the capital stock of said bank."

Reliance is placed by counsel for defendant upon the case of Kennedy v. Gibson, 8 Wall. 498, 505, 19 L. Ed. 476, but an examination of that case does not sustain defendant's contention. While the bill alleged the insolvency of the bank, it failed to set out any action by the Comptroller determining the liability of the stockholders. This was held to be fatal, since an adjudication by the Comptroller is necessary before any action is brought against the stockholders to enforce their individual liability. In the opinion the court said: "It is for the comptroller to decide when it is necessary to institute proceedings against the stockholders to enforce their personal liability, and whether the whole or a part, and if only a part, how much, shall be collected. These questions are referred to his judgment and discretion, and his determination is conclusive. The stockholders cannot controvert it. It is not to be questioned in the litigation that may ensue. He may make it at such time as he may deem proper, and upon such data as shall be satisfactory to him. This action on his part is indispensable, whenever the personal liability of the stockholders is sought to be enforced, and must precede the institution of suit by the receiver. The fact must be distinctly averred in all such cases, and if put in issue must be proved."

In the declaration in the instant case the determination of the Comptroller of the Currency to bring proceedings for the enforcement of the personal liability of the stockholders, together with the amount to be collected, is clearly set forth, and these averments are predicated upon the determination of the Comptroller that his action is necessary in order to pay the debts of the Commercial National Bank; and the further averment is made that the Comptroller in his demand upon the shareholders based his assessment upon the capital stock held by the respective stockholders at the date of the failure of the bank. From these averments, we think, the insolvency of the bank may be justly inferred.

Defendant interposed a plea of set-off and estoppel on the ground that at the time of the failure of the bank defendant was a depositor therein of an amount greatly in excess of the par value of his stock. It is settled law in this country that a stockholder of a national bank, who happens to be a creditor, may not cancel his assessment in part or in whole by offsetting his individual claim against the bank. This escape from liability by the stockholder cannot be permitted, for the reason that the act of Congress, Rev. St. § 5151 (12 USCA § 63), contemplates that the stockholders shall be responsible for a trust fund equal to the amount of the capital stock of the bank, and that this fund shall be available for the payment of all creditors alike until the claims of such creditors are satisfied, or upon a pro rata basis if, after the assessment of the stockholders, there are insufficient funds to pay all creditors in full. The stockholder, therefore, must pay his full assessment to the bank and then take his chances with other creditors of the bank in recovering all or a portion of the debt owed him by the bank. Hobart v. Gould (D. C.) 8 F. 57; Wingate v. Orchard (C. C. A.) 75 F. 241; Williams v. Rose (D. C.) 218 F. 898; Morse on Banks & Banking (6th Ed.) § 328.

It appears, however, in the present case that a dividend of 50 per cent. of the total deposits in the bank at the time it closed has been declared by the receiver, which, in defendant's case, amounted to the sum of $13,220.69, which represented one-half of defendant's total deposit at the time the bank closed. This amount the court below allowed as a legal set-off against the total assessment imposed upon the defendant of $16,700, which, together with interest at the

date of the entry of judgment in the court below, amounted to $17,248.46. Judgment was awarded in favor of the plaintiff and against the defendant for the difference, $4,027.77. The propriety of this disposition of the case is not contested by the Comptroller, nor do we think it can be. The dividend was a fixed amount, and, when set aside, it became the property of the defendant, and could properly be used as an offset against the assessment imposed upon him, without impairing the rights of other creditors.

The judgment is affirmed, with costs.