**LANG v. WOOD et al.**

No. 6877.

United States Court of Appeals for the District of Columbia.

June 1, 1937.

Percy Lang, of New York City, pro se.

Leslie C. Garnett and John W. Fihelly, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

MARTIN, Chief Justice.

The appellant, Percy Lang, was the plaintiff below and will be referred to as such in this opinion. The appellees who were defendants below are as follows: Homer S. Cummings, Attorney General of the United States, Arthur D. Wood, Charles A. Whalen, T. Webber Wilson, members of the United States Parole Board, Ray L. Huff, Parole Executive, Henry C. Hill, Warden, United States Northeastern Penitentiary, and Sanford Bates, Director of Prisons.

The plaintiff filed a declaration against the defendants alleging that they had, jointly and severally, illegally, maliciously, feloniously, and arbitrarily, without due process of law, caused the imprisonment of plaintiff in the United States Detention Headquarters for a period of 4 days and in the United States Northeastern Penitentiary at Lewisburg, Pa., for a period of 158 days, for which he claimed damages in the sum of $20,800.

It is alleged in substance in the declaration that plaintiff was a prisoner in the United States Penitentiary at Lewisburg, Pa., and that on June 25, 1935, before the expiration of his term, he was released upon parole; and that afterwards, to wit, on August 3, 1935, defendant Arthur D. Wood, a member of the United States Parole Board, and acting as such, issued a warrant for the arrest and return of plaintiff for a hearing as to the revocation of his parole; that the warrant was issued without probable cause and was not under oath; that thereupon on August 31, 1935, after plaintiff's return into custody, defendant Charles A. Whalen, a member of the Parole Board, caused the plaintiff to be brought into his

presence "and asked him to plead to a charge of violation of his parole"; that plaintiff thereupon demanded a hearing before the entire Parole Board on the issue presented by the warrant as distinguished from a hearing before a single member of the Board; that thereupon without granting the plaintiff a hearing before the entire Parole Board, the Board revoked the parole of plaintiff and he was returned to the penitentiary and served his full sentence; that defendant Huff, as an officer of the Parole Board, and Cummings, Hill, and Bates, as officially related to the Parole Board, took part in these proceedings.

The plaintiff contends that he was entitled to have a hearing before the full Parole Board on the question of revocation of his parole and that inasmuch as this was denied him and he was returned to prison without such a hearing the revocation and his subsequent confinement were illegal. The plaintiff therefore demanded a judgment for damages against the defendants in the sum of $20,800 as aforesaid.

The defendants filed a demurrer to the declaration upon the ground, among others: "That the declaration, as particularized and amended, clearly shows that the acts complained of were official acts of the defendants, performed as United States officers on and concerning matters within their official jurisdiction."

The district court sustained the demurrer and rendered judgment against plaintiff, whereupon the present appeal was taken.

We agree with the decision of the lower court. In Standard Nut Margarine Co. v. Andrew W. Mellon, Secretary of the Treasury, Ogden W. Mills, Assistant Secretary of the Treasury, and R. M. Estes, Deputy Commissioner of Internal Revenue, 63 App. D.C. 339, 72 F.(2d) 557, 559, (certiorari denied, 293 U.S. 605, 55 S.Ct. 124, 79 L.Ed. 696), in an action for damages against certain public officers for a wrongful assessment of taxes upon the plaintiff's product as oleomargarine, we held that:

"It follows that the decision of the Commissioner [of Internal Revenue] imposing a tax upon the plaintiff's product as oleomargarine was erroneous.

"Notwithstanding this fact, however, we are of the opinion that the defendants are not personally liable in damages for their erroneous construction and application of the statute. We think the case is governed by the rule that the head of an executive department of the United States government cannot be held in damages for acts done by him in relation to matters committed by law to his control or supervision. It became the official duty of the Commissioner to determine whether the product manufactured by the plaintiff was subject to the tax prescribed by the act. It is true that the Commissioner construed the statute erroneously, but nevertheless the subject-matter of the assessment was within his jurisdiction and authority. In such case error on his part does not expose him to an action for damages, and this is none the less true even though his error be described as arbitrary, capricious, and malicious."

In our opinion the hearing of the revocation of plaintiff's parole in the present case was a subject matter committed by law to the executive control of the defendants as public officers, and in such case error on their part does not expose them to an action for damages, and this is none the less true even though their error be described as arbitrary, capricious, and malicious. See Spalding v. Vilas, 161 U.S. 483, 498, 16 S. Ct. 631, 40 L.Ed. 780; Yaselli v. Goff (C. C.A.) 12 F.(2d) 396, 56 A.L.R. 1239; De Arnaud v. Ainsworth, 24 App.D.C. 167, 5 L.R.A.(N.S.) 163; Farr v. Valentine, 38 App.D.C. 413, Ann.Cas.1913C, 821; Brown v. Rudolph, 58 App.D.C. 116, 25 F.(2d) 546; Mellon v. Brewer, 57 App.D.C. 126, 18 F. (2d) 168, 53 A.L.R. 1519, and cases therein cited.

Accordingly, the judgment of the District Court is affirmed.

Affirmed.