**SPRINGFIELD v. CARTER et al.**

No. 13870.

United States Court of Appeals
Eighth Circuit.

July 5, 1949.

June P. Wooten, Little Rock, Ark., for appellant.

T. J. Gentry, Little Rock, Ark. (Paul B. Pendleton, Little Rock, Ark., was with him on the brief), for appellees.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal from a summary judgment entered in an action for malicious prosecution upon motion of the defendants and response of the plaintiff, together with supporting and opposing affidavits. Jurisdiction is based upon diversity of citizenship.

Plaintiff-appellant, a citizen of Oklahoma, is the owner of a structure approximately 70 feet long and 24 feet wide in Little Rock, Arkansas, consisting of six units, all occupied by tenants on April 11, 1948. On that date a fire damaged the southern unit of the building and the wall dividing it from the adjacent unit on the north.

Defendants-appellees are officials and employees of the city of Little Rock. Carter is assistant city engineer and deputy building commissioner; Gray is the city building inspector; and Dowell is district chief of the fire department and fire inspector.

The complaint charged that on April 13, 1948, the defendants entered into a conspiracy to accuse the plaintiff falsely, maliciously and without probable cause of the crime of "violating Ordinance No. 4866 (of Little Rock, Arkansas) by failing to obtain a building permit for rebuilding fire-damaged structure at rear of 917 Victory"; that Carter made an affidavit before the Clerk of the Municipal Court of Little Rock charging plaintiff with the crime; that a warrant for his arrest was issued thereon; that he was arrested, tried before the Criminal Division of the Municipal Court and upon the false testimony of Gray and Dowell and the false affidavit of Carter was convicted; that he was not given a fair opportunity to present his case; and that upon appeal to the Pulaski Circuit Court he was found not guilty and discharged. Damages were demanded in the amount of $15,151.00.

The defendants denied the charge of conspiracy and that the affidavit made by Carter and the testimony given by Gray and Dowell were false, admitted the arrest, trial and conviction of plaintiff in the Municipal Court and the reversal on appeal to the First Division, Circuit Court of Pulaski County, Arkansas, and alleged that all of their acts were done in line of their official duties without malice.

Defendants, pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S. C.A., moved for summary judgment dismissing the complaint on the grounds (1) that plaintiff's conviction in the Municipal Court constitutes conclusive evidence of probable cause for the prosecution; (2) that defendants in the prosecution of the plaintiff were government officials acting within the scope of their authority; and (3) that there is no genuine issue as to any material fact. Affidavits were attached to the motion showing the official status and duties of defendants; that Gray and Dowell in the performance of their official duties inspected plaintiff's fire-damaged building on April 13, 1948, detected repairs being made thereon, and reported the fact to Carter who, finding that no permit had been issued to make such repairs, made an affidavit for a warrant charging plaintiff with violation of Ordinance 4866 of the city of Little Rock.

Plaintiff filed a response to the motion for summary judgment denying that his conviction in the Municipal Court constitutes conclusive evidence of probable cause for the prosecution of the charge of violating the Ordinance because such conviction was obtained upon a false affidavit and false testimony and alleging that "although defendants may have been in the employ of the City of Little Rock, Arkansas, that fact does not give them immunity against liability for their malicious and unwarranted arrest and prosecution for plaintiff, said acts not being within the scope of their authority * * *" Affidavits of the plaintiff and his employee attached to the response state in substance that at the time the fire damaged plaintiff's building on April 11, 1948, the firemen tore off a part of the roof of the two south units and threw it on the ground; that on April 13th plaintiff sent his employee to clear up and haul away the rubbish remaining on the lawn after the fire; that the tenant in the unit next to the burned unit asked him to patch up the partition between the two units so that she might occupy her unit and keep prowlers out; that while he was engaged in making the requested repairs, without the knowledge of the plaintiff, Gray and Dowell appeared on the scene and left after a short while without suggesting that a permit should be obtained; that the damage caused by the fire was less than 50% of the entire structure; that the affidavit of Carter for a warrant falsely charged that plaintiff was "rebuilding" the structure, and that at the trial in Municipal Court Gray and Dowell testified falsely that he was "rebuilding" the structure. The gist of the affidavits is that since only "repairs" affecting less than 50% of the entire structure were being made, and that without plaintiff's knowledge, his conviction in the Municipal Court was the result of such false and fraudulent affidavit of Carter and such false testimony of Gray and Dowell. No other fraud is charged.

In passing upon defendants' motion for summary judgment, the trial court having considered the pleadings and the affidavits found that there was no genuine issue as to any material fact and no controversial question of fact to be tried, and sustained the motion and entered judgment dismissing the complaint. In a memorandum filed with the judgment the court concluded that the judgment of conviction in the Municipal Court is conclusive evidence of probable cause, even though reversed on appeal; and that the evidence upon which the Municipal Court arrived at its decision is not in conflict, and does not show either fraud or undue means in securing the judgment of conviction.

Four questions are presented for determination on this appeal:

1. Did plaintiff's conviction in the Municipal Court of Little Rock constitute conclusive evidence of probable cause?

2. Considering the pleadings, including the affidavits, were there any genuine issues of material facts for trial?

3. Were the defendants, being officials and employees of the city of Little Rock, immune from liability for damages for malicious prosecution; and

4. Did plaintiff have a fair trial in the municipal court?

The plaintiff was prosecuted in the Municipal Court of Little Rock for the alleged violation of Ordinance No. 4866 of the city. It is conceded that under the statutes of Arkansas the Municipal Court is authorized to hear and decide all charges for offenses violating the city ordinances as well as misdemeanors. Section 4 of said Ordinance 4866 provides:

"1. It shall be unlawful to construct, alter, remove, or demolish, or to commence the construction, alteration, removal or demolition of a building or structure, or part thereof, * * * without first filing with the Building Commissioner an application and obtaining a permit for such construction, alteration, removal or demolition, * * *"

Section 9 provides that: "3. A person * * * who shall violate any of the provisions of this ordinance or fail to comply with any of the requirements thereof * * shall be guilty of a misdemeanor punishable by a fine * * *"

Section 3 provides that: "1. Subject to the direction and control of the City Council the Building Commissioner shall * * enforce this ordinance * * * 4. In-

spections required under the provisions of this ordinance shall be made by the Building Commissioner or a duly appointed assistant * * *"

The issue of official immunity, although urged throughout the proceedings, was not passed upon by the court. Notwithstanding this fact the parties argued the point and agreed that it may be considered by this court. Even without such agreement we are not limited to the reasons given by the trial court for his decision. If the judgment is correct, our duty is to affirm regardless of the reason given by the trial court for his ruling. Walling v. Friend, 8 Cir., 156 F.2d 429, 431; Iselin v. C. W. Hunter Co., 5 Cir., 173 F.2d 388.

Having reviewed the record, the briefs and the issues and contentions of the parties, we are of the opinion that the judgment must be affirmed on the ground that the defendants as officers of the city of Little Rock were, in all things with which they are charged in this action, acting within the scope of their authority and for that reason they are not liable in damages to the plaintiff for such acts. It will not be necessary, therefore, to extend this opinion with a discussion of plaintiff's contentions as to want of probable cause and the existence of issues of fact.

Plaintiff does not expressly admit that defendants are and were officers of the city of Little Rock charged with the duty of enforcing Ordinance No. 4866. Neither does he deny it. This court, however, may take judicial notice not only of the constitution and statutes of Arkansas and of the decisions of the courts of the state but also of the names of the officers occupying positions under the laws of the state. Keyser v. Hitz, 133 U.S. 138, 146, 10 S.Ct. 290, 33 L.Ed. 531; Roth v. Baldwin, 64 App.D.C. 90, 74 F.2d 1003; Cooper v. O'Connor, 69 App.D.C. 100, 99 F.2d 135, 118 A.L.R. 1440; MacKusick v. Johnson, 1 Cir., 3 F.2d 398, 401.

No decision of the Supreme Court of Arkansas involving exemption of public officers from liability for malicious prosecution has been called to our attention, and we have found none. The plaintiff, however, contends that the public policy of the state is opposed to such exemption as shown by § 3470 of Pope's Digest of the Statutes of Arkansas, § 41-702, Vol. 4, Arkansas Statutes, Annotated, 1947, which provides that

"Any officer or any person who shall bring, or aid and encourage others to bring, frivolous, groundless or malicious prosecutions shall be deemed guilty of a misdemeanor."

And § 3, sub-division 9 of Ordinance No. 4866, provides that: "The Building Commissioner, acting in good faith and without malice, shall not be liable for damages by reason of anything done in any action or proceeding instituted under a provision of this ordinance, or by reason of any act of omission in the performance of his official duties."

No case construing or applying § 3470 of Pope's Digest has been cited in the briefs, and we have found none. However, in a long line of decisions the Supreme Court of Arkansas has held that " * * * in the absence of a statute making them liable, *an action for tort* will not lie against a municipal corporation * * * *or the officers thereof,* because such corporations and their officers are merely agents of the state for governmental purposes." (Emphasis supplied). Sewer Improvement Dist. No. 1 of Sheridan v. Jones, Ark., 1939, 199 Ark. 534, 134 S.W.2d 551, 552; Jones v. Sewer Improvement Dist. No. 3, 1915, 119 Ark. 166, 177 S.W. 888; Board of Improvement, etc. v. Moreland, 1910, 94 Ark. 380, 127 S.W. 469, 21 Ann.Cas. 957, and cases cited.

Section 3470 of Pope's Digest of the Statutes of Arkansas was first enacted as section 5 of "An Act to Save Counties from Costs in Certain Cases", approved March 23, 1871. It has been included in the statutes of the state ever since, appearing at present as section 41-702, Vol. 4, Arkansas Statutes Annotated, 1947. On its face, it will be observed that the statute is a criminal law and does not relate to torts. It will be observed also that the decisions of the Supreme Court of Arkansas, cited supra, exempting municipal "officers acting within the scope of their authority", from liability in "an action of tort" were

made during the time the statue was in force and effect. It must be presumed, therefore, that the Supreme Court of Arkansas was familiar with the statute and did not regard it as affecting the immunity of municipal officers in the state from liability for damages in "an action of tort."

This being the situation, and there being no decision of the Arkansas courts exactly in point in an action for malicious prosecution, we must assume that the law of Arkansas on the issue of official immunity is in harmony with the law in other jurisdictions. Phelps v. Dawson, 8 Cir., 97 F.2d 339.

The established rule of law is that when a prosecution is instituted by public officers, acting within the scope of their official duties, it is against public policy to allow an action for malicious prosecution to be maintained against them on account of such official acts "although probable cause be absent and malice be present in their enforcement of the law." Gibson v. Reynolds, 8 Cir., 172 F.2d 95, 97; Adams v. Home Owners' Loan Corporation, 8 Cir., 107 F.2d 139, 141; Phelps v. Dawson, supra; Cooper v. O'Connor, supra; Spalding v. Vilas, 161 U.S. 483, 16 S.Ct. 631, 40 L. Ed. 780.

But, says the plaintiff, the defendants were not acting within the scope of their official authority in prosecuting him in the Municipal Court of Little Rock. In the first place, under the circumstances here, there is a presumption, they being public officers charged with the duty of enforcing the Ordinance, that they were acting within the authority conferred upon them. Nicholas v. United States, 257 U.S. 71, 82, 42 S.Ct. 7, 66 L.Ed. 133. In Cooper v. O'Connor, supra, 99 F.2d at page 139, the court say:

"It is not necessary—in order that acts may be done within the scope of official authority—that they should be prescribed by statute (United States v. Birdsall, 233 U. S. 223, 230-231, 34 S.Ct. 512, 58 L.Ed. 930); or even that they should be specifically directed or requested by a superior officer. Mellon v. Brewer, 57 App.D.C. 126, 129, 18 F.2d 168, 171, 53 A.L.R. 1519, certiorari denied, 275 U.S. 530, 48 S.Ct. 28, 72 L.Ed.

409. It is sufficient if they are done by an officer 'in relation to matters committed by law to his control or supervision.' (Italics supplied.) (Standard Nut Margarine Co. v. Mellon, 63 App.D.C. 339, 341, 72 F.2d 557, 559, certiorari denied, 293 U.S. 605, 55 S.Ct. 124, 79 L.Ed. 696); or that they have 'more or less connection with the general matters committed by law to his control or supervision.' (Italics supplied.) (Spalding v. Vilas, 161 U.S. 483, 498, 16 S.Ct. 631, 637, 40 L.Ed. 780; and see Lang v. Wood, 67 App.D.C. 287, 288, 92 F.2d 211, 212); or that they are governed by a lawful requirement of the department under whose authority the officer is acting."

Here there can be no doubt, as shown supra, that defendants were charged with the duty of inspecting the repair or rebuilding of fire-damaged buildings in Little Rock and of enforcing Ordinance No. 4866; and even though they may have been more zealous than necessary, or even though they may not have correctly construed the ordinance in every particular, they are immune from liability in this case. The public policy which gives them immunity results, doubtless, "from the inherent public necessity of having justice administered through the process of accusation and trial." Adams v. Home Owners' Loan Corporation, supra; Gibson v. Reynolds, supra; Phelps v. Dawson, supra. This is especially true where, as in this case, the officer charged with the enforcement of the law must exercise discretion in construing and applying the law to the facts as they appear to him in each particular case. Phelps v. Dawson, supra.

One other contention of plaintiff only need be discussed. It is further charged that plaintiff "in the Municipal Court was given a hasty trial, and his counsel was not accorded fair opportunity to fully present or argue the case." In support of this charge the employee Womack states in his affidavit that at the trial "the Judge seemed to be in a hurry to get through with the docket * * * the Judge interrupted the attorney for Mr. Springfield by saying, 'You certainly don't expect me to believe that Springfield didn't order the work done.'"

The judgment of a state court acting within its jurisdiction cannot thus be assailed in a federal court. In Crescent City Live Stock Company v. Butchers' Union Slaughter-House Company, 120 U.S. 141, 159, 7 S.Ct. 472, 481, 30 L.Ed. 614, the Supreme Court say: "But the rule * * * which declares that the judgment or decree of a court having jurisdiction of the parties and of the subject-matter, in favor of the plaintiff, is sufficient evidence of probable cause for its institution, although subsequently reversed by an appellate tribunal, was not established out of any special regard to the person of the party. * * * The rule * * * has respect to the court and to its judgment, and not to the parties, and no misconduct or demerit on their part, except fraud in procuring the judgment itself, can be permitted to detract from its force. It is equally true and equally well settled in the foundations of the law that neither misconduct nor demerit can be imputed to the court itself. It is an invincible presumption of the law that the judicial tribunal, acting within its jurisdiction, has acted impartially and honestly. * * * its judgment cannot be impugned except by direct process from superior authority."

The court did not err in holding that the defendants were given a fair trial in the Municipal Court.

For the reasons stated the judgment appealed from is

Affirmed.