Helen SUPCHAK, as Ancillary Executrix of the Estate of Daniel A. Supchak, Deceased, Appellant,

v.

UNITED STATES of America, Appellee.

No. 15758.

United States Court of Appeals Third Circuit.

Argued May 20, 1966.

Decided Aug. 31, 1966.

Martin J. Meyer, Wilkes-Barre, Pa. (Joseph V. Kasper, Wilkes-Barre, Pa., on the brief), for appellant.

Robert C. McDiarmid, Dept. of Justice, Washington, D. C. (John W. Douglas, Asst. Atty. Gen., Bernard J. Brown, U. S. Atty., Alan S. Rosenthal, Attorney, Department of Justice, Washington, D. C., on the brief), for appellee.

Before STALEY, Chief Judge, and McLAUGHLIN and SMITH, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This action for personal injury and wrongful death was brought under the Federal Tort Claims Act, 28 U.S. C.A. § 1346(b). It came before the court below on a motion to dismiss the complaint for failure to state a claim upon which relief could be granted. The motion was granted and this appeal followed. The motion was sustainable only if it appeared to a certainty that the plaintiff was not entitled to relief under any state of facts which could be proved in support of her claim. Melo-Sonics Corporation v. Cropp, 342 F.2d 856, 858 (3rd Cir. 1965). We are of the opinion that, tested by this standard, dismissal of the complaint was error.

The relevant facts as they appear from the allegations of the complaint, viewed in the light most favorable to the plaintiff, are as follows: The decedent was a paraplegic veteran eligible for hospitalization and treatment under 38 U.S. C.A. § 610 and the pertinent regulations. He had been a patient at the Veterans Hospital in Wilkes-Barre, Pennsylvania, where he had been treated for convulsive seizures and other conditions related to his paraplegia. Early in the morning of April 11, 1964, he suffered a convulsion and, on the advice of a private physician, was rushed by ambulance to the hospital. He was received, examined by a medical officer, and then discharged. After his discharge he returned to the ambulance and en route home suffered another convulsion from which he died.

The complaint alleges that the negligence of the defendant consisted of the following: failure to provide the decedent with proper and reasonable medical care, attention and treatment; failure to make a proper and reasonable diagnosis of his condition at the time he was received; and, failure to admit him for care and treatment. The complaint alleges generally that the defendant failed to exercise ordinary and reasonable care under the circumstances.

The defendant maintains, as it did in the court below, that the action is barred by § 2680(a) of Title 28 U.S.C.A., which provides in pertinent part that § 1346(b), supra, shall not apply to: "Any claim * * * based upon the exercise or performance [of] * * * a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." The defendant argues that the refusal of the medical officer to admit the decedent for treatment was an exercise of a discretionary function for which the Government may not be held liable.

We must concede that if the refusal of the medical officer to admit the decedent involved nothing more than the exercise of a discretionary function, the complaint was properly dismissed. However, if the allegations of the complaint are accepted as true, as they must be, there was more. The decedent had been treated at the hospital on numerous occasions and the medical authorities were aware of his condition; although not admitted for treatment, he was received at the hospital; he was examined by a medical officer and then discharged; shortly after his discharge he died of a convulsive seizure. The

complaint charges in substance that the medical examination of the decedent was not conducted with reasonable care.

The complaint sufficiently states a claim for relief and was not dismissible unless it appeared to a certainty that the claim was within the statutory exception. Builders Corporation of America v. United States, 259 F.2d 766 (9th Cir. 1958); Fair v. United States, 234 F.2d 288 (5th Cir. 1956). It did not so appear. Whether the claim is subject to the exception must necessarily depend on the facts established by the evidence offered at the trial. Ibid.

The judgment of the court below will be reversed and the action will be remanded with a direction that the order of dismissal be vacated.