**Dorothy LEW, Appellant,**

v.

**James A. SUFFRIDGE et al., Appellees.**

**No. 19974.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 18, 1966.

Decided Nov. 8, 1966.

Petition for Rehearing Denied Dec. 9, 1966.

Mr. Walter E. Gillcrist, Washington, D. C., with whom Mr. Edward L. Carey, Washington, D. C., was on the brief, for appellant.

Mr. S. G. Lippman, Washington, D. C., with whom Mr. Tim Bornstein, Washington, D. C., was on the brief, for appellees.

Before FAHY, DANAHER and LEVENTHAL, Circuit Judges.

FAHY, Circuit Judge.

In the District Court Dorothy Lew, appellant, widow of Abraham Lew, sued appellees as trustees of the Pension Board of the Retail Clerks International Association Retirement Plan for Employees. The Association is a labor organization.

Dorothy Lew's husband died October 1, 1958. At the time of his death he was business manager and chief executive officer of the Retail Clerks Union, Local No. 21, of Newark, New Jersey, a Local of the International Association. His widow claimed that from the inception in 1949 of the Retirement Plan administered by appellees until his death Abraham Lew had been a participant in the Plan, had performed all necessary re-

---

quirements for retirement eligibility under the Plan, and that upon his death, under the terms of the Plan she became eligible for a pension. Her application was denied by appellees, hence her suit against them.

On the undisputed facts before the District Court appellant and appellees moved for summary judgment. The motion of appellees was granted on the ground that the action was barred by the three-years statute of limitations set forth in D.C. Code § 12–301 (Supp. V, 1966).

■ Appellant contends not only that the action was brought within three years of appellee's final denial of her claim, but also that she seeks equitable relief, with the consequence that laches rather than limitations is the criterion by which to judge a defense based on untimeliness of resort to the court. She goes on to urge, in the language of her brief in this court, "that the judgment of the District Court should be reversed and judgment in favor of Appellant, granting her status as a beneficiary of the Trust, should be entered. * * *" Appellant thus submits to us on its merits a case submitted to the District Court on cross motions for summary judgment and involving no dispute of material facts. We accordingly decide the merits and in doing so affirm, without passing upon the question of limitations.[1]

We now explain the reasons for our affirmance.

■ It is undisputed that the widow of an eligible participant in the Plan is herself eligible for a pension. The difficulty with appellant's claim, however, is that the Plan requires employees to contribute to its funding. The Plan's express purpose is "to provide each em-ployee (who elects to and does participate in this Plan) with a retirement benefit. * * *" Prior to July 1, 1955 a participating employee was to contribute two per cent of his monthly wages or salary to the pension fund; thereafter the amount was increased to four per cent. The collection provision states that the Local "shall deduct the contributions of each such employee from each remittance for services rendered by him. * * *" Other provisions permit eligible but non-participating employees to participate nunc pro tunc, but each of these provisions requires the employee to pay the applicable percentage of the salary or wages he earned during the nonparticipating period for which he is to receive credit. Finally, the extensive refund provisions, available if the employee or his widow did not receive in pension his full contribution, demonstrate that the employee is to be a contributor to the fund.

Abraham Lew did not comply with the contribution requirements of the Plan. He did not contribute any percentage of his salary or wages. And his employer, the New Jersey Local, did not deduct or withhold the required contribution from remittances for Lew's services to the Local. The facts are the Local remitted each month from its own treasury to the International Association a sum equivalent to what Lew's contribution should have been. These payments by the Local were without authorization either by its membership or its executive board. The amounts of these unauthorized disbursements by the Local were subsequently returned by appellees to the Local.

It is clear that Abraham Lew did not establish his eligibility for retirement under the Plan. He made no contributions from his own wages or salary.[2] Ac-

---

1. That we may affirm on the merits though the judgment of the District Court was based on the statute of limitations is supported by Farbenfabriken Bayer A.G. v. Sterling Drug, Inc., 307 F.2d 210, 212, n. 4 (3d Cir.). See, also, Ginsburg v. Black, 237 F.2d 790, 792 (7th Cir.); Springfield v. Carter, 175 F.2d 914, 917 (8th Cir.), and Kithcart v. Metropolitan Life Ins. Co., 150 F.2d 997 (8th Cir.).

2. If there are reasons for or conditions under which the trustees might make provision for appellant from the Fund created under the Plan, or under which the International or the Local might provide for her, these are not for the court to set in motion. The question before us is whether appellant has a judicially enforceable right. The trustees acted well within their authority in deciding that the right

cordingly the decision of the trustees denying the widow's claim must be upheld. Cf. Kosty v. Lewis, 115 U.S.App. D.C. 343, 346, 319 F.2d 744, 747, cert. denied, 375 U.S. 964, 84 S.Ct. 482, 11 L.Ed.2d 414. The widow can claim under the Plan only through her deceased husband. Her status falls with the failure of his own.

Affirmed.

to retirement under the Plan did not accrue to appellant's husband and, therefore, that the right to a pension did not accrue to his widow.