**Walter WILLIAMS, Plaintiff,**

v.

**Walter E. CRAVEN, Warden of State Prison, Folsom, Represa, California, Department of Corrections (P. & CS) & Adult Authority, for the State of California et al., Defendants.**

**Civ. No. 67–1087.**

United States District Court
C. D. California.

Oct. 5, 1967.

Walter Williams, in pro. per.

Thomas C. Lynch, Atty. Gen., California, William E. James, Asst. Atty. Gen., and Jack K. Weber, Deputy Atty. Gen., for defendants.

## ORDER DISMISSING COMPLAINT AND CAUSE OF ACTION

HAUK, District Judge.

Plaintiff, a state prisoner, brings a suit for "exemplary damages" under the Civil Rights Act. It appears that plaintiff, while on parole, was convicted of battery, a misdemeanor, on his plea of guilty and served 20 days. His parole was revoked. He sues various state officials and the Department of Corrections

and Adult Authority, claiming that the parole revocation subjected him to double punishment, that he was denied counsel at the parole revocation hearing, and that he did not receive the same treatment accorded to rich citizens.

Plaintiff asks for $2 million.

The Attorney General made a motion to dismiss the complaint and cause of action, and the motion having come on for hearing on October 2, 1967, and the court being fully advised in the premises, and good cause appearing therefore, the court makes the following findings of fact:

### FINDINGS OF FACT

1. In March of 1967, plaintiff was on parole by the State of California;

2. He pleaded guilty to battery, a misdemeanor, was convicted, and sentenced to $100 or 20 days, and served the 20 days; and

3. As a result of this incident, his parole was revoked.

From these facts the court draws the following conclusions of law:

### CONCLUSIONS OF LAW

■ 1. A parole revocation after a criminal conviction is not double punishment in contravention of the Fifth Amendment. United States ex rel. Horne v. Pennsylvania Board of Parole, 234 F.Supp. 368, 370 (E.D.Pa.1964); Woods v. Steiner, 207 F.Supp. 945, 949 (D.Md.1962).

■ 2. A parolee is not an entirely free man. Sartain v. Pitchess, 368 F.2d 806 (9th Cir. 1967); see also Hyser v. Reed, 318 F.2d 225, 235 (D.C.Cir. 1963); Calif.Pen.Code §§ 3056, 3063;

■ 3. There was sufficient justification for revoking parole;

■ 4. Plaintiff was not entitled to counsel at the hearing on his parole revocation. Williams v. Dunbar, 377 F.2d 505, 506 (9th Cir. 1967); Hutchison v. Patterson, 267 F.Supp. 433, 434–435 (D.Colo.1967);

■ 5. The warden is not liable because it does not appear from the allegations that he had any connection with the alleged deprivations;

■ 6. The Department of Corrections, the Adult Authority, and the warden enjoy judicial immunity under these circumstances. Lang v. Wood, 67 App.D.C. 287, 92 F.2d 211, 212 (1937); and

■ 7. A Board of Parole, or a Department of Corrections, is not a person and is not subject to suit for money damages under the Civil Rights Act. Taylor v. Pennsylvania Board of Parole, 263 F. Supp. 450 (M.D.Pa.1967).

On or just before the hearing on the motion to dismiss the complaint and action, petitioner presented to the court a document entitled, "Notice of Motion and Motion to Amend Complaint and Action and Points and Authorities in Support Thereof." It is essentially a restatement of the complaint originally made and adds no new allegations. However, plaintiff does name as defendants Mr. Procunier, the Director of the Department of Corrections, and the individuals comprising the California Adult Authority.

The court has considered the document and had it filed, but no additional findings of fact have to be made with reference to it. It appears to be sufficient to adopt the findings of fact and conclusions of law previously made. It may be noted too that the Director of Corrections and the individual members of the Adult Authority enjoy judicial immunity from pecuniary liability in this type of action. See Barr v. Matteo, 360 U.S. 564, 571, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959).

It does not appear that the claims of double punishment and deprivation of counsel could be amended so as to state a cause of action. Plaintiff seeks to urge discrimination in a conclusory way because of indigency, but there seems an insufficient possibility that plaintiff could develop an equal protections claim. Accordingly, it is ordered that the action, as well as the complaint, be dismissed and that there be no leave to amend. Byrne v. Kysar, 347 F.2d 734, 737 (7th Cir. 1965); Kinsley v. Markovic, 333 F.2d 684, 685 (4th Cir. 1964); cf. Breier v. Northern California Bowling Prop. Assn., 316 F.2d 787, 790 (9th Cir. 1963).