**UNITED STATES of America ex rel. Leroy SMITH**

v.

**James HEIL (PBP.), Sidney Hilliard and Charles Stufflet.**

**Civ. A. No. 42860.**

United States District Court
E. D. Pennsylvania.

Jan. 15, 1970.

Leroy Smith, pro se.

Frank P. Lawley, Jr., Deputy Atty. Gen., Harrisburg, Pa., for defendant James Heil.

Peter F. Cianci, First Asst. Dist. Atty., Reading, Pa., for defendants Sidney Hilliard and Charles Stufflet.

## OPINION

JOSEPH S. LORD, III, District Judge.

In this pro se civil rights action, plaintiff seeks damages for wrongs which allegedly occurred while he was apparently on parole.

As to defendant Charles Stufflet, police officer of the Reading, Pennsylvania, Police Department, he alleges an assault by Stufflet and another, unknown officer during an attempt by them to arrest him. This alleged arrest took place on July 7, 1964, at approximately 7:30 p. m. As a result of this arrest, plaintiff was hospitalized with a bullet wound in the lower back. With respect to any probable cause for this "arrest," plaintiff claims that the officers possessed no arrest warrant and that they personally observed nothing more than "plaintiff's strolling along a public thoroughfare." Complaint ¶ 3.

No criminal charges were brought against plaintiff during his hospitalization. After his release from the hospital, he sought to recover from Stufflet for his $375 hospital bill and his loss of work. Plaintiff's parole officer, defendant James Heil, thereupon allegedly threatened to revoke his parole immediately if plaintiff proceeded with his plans. Both Stufflet and Heil have moved to dismiss the complaint under F.R.Civ.P. 12(b) (6) for failure to state a claim on which relief can be granted.

 It is of course axiomatic that in deciding these motions we must consider as true and correct all of the plaintiff's allegations, 2A Moore, Federal Practice ¶ 12.08, at 2265–67 (2d ed. 1968), and must resolve all doubts concerning those allegations in favor of the plaintiff. Supchak v. United States, 365 F.2d 844 (C.A.3, 1966). Further,

"* * * [i]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. * * *" Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L. Ed.2d 80 (1957) (footnote omitted). And finally, because plaintiff is proceeding without the benefit of counsel, we should view his allegations "without regard to technicalities." United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84, 86 n. 3 (C.A.3, 1969).

■ As to defendant Stufflet's motion to dismiss, it is well established that an arrest made without probable cause subjects the arresting officer to liability under the Civil Rights Act, 42 U.S.C.A. § 1983 (Supp.1969), for damages flowing from the illegal arrest. Pierson v. Ray, 386 U.S. 547, 557, 87 S. Ct. 1213, 18 L.Ed.2d 288 (1967); Basista v. Weir, 340 F.2d 74 (C.A.3, 1965); United States ex rel. Houghton v. Scranton, 257 F.Supp. 557 (E.D.Pa.1966). This is true even though the arresting officer acts in good faith but lacks probable cause, Anderson v. Haas, 341 F.2d 497, 501 (C.A.3, 1965), and even though the complaint may also state a claim under state law, Joseph v. Rowlen, 402 F. 2d 367, 369–370 (C.A.7, 1968); Dodd v. Spokane County, 393 F.2d 330, 334 (C. A.9, 1968). The only difficulty with the complaint before us is that the plaintiff has also alleged that "both officers were in plainclothes, riding in an unmarked car." Complaint ¶ 3. These allegations raise the question whether officer Stufflet was acting "under color" of state law within the meaning of section 1983.

■■ If Stufflet were acting wholly as a private citizen in this alleged assault, and did not use the "pretense" of his office's legal authority, Monroe v. Pape, 365 U.S. 167, 171–172, 81 S.Ct.

473, 5 L.Ed.2d 492 (1961); see Screws v. United States, 325 U.S. 91, 111, 65 S. Ct. 1031, 89 L.Ed. 1495 (1945), or act under the authority of a "policeman's badge," Basista v. Weir, 340 F.2d 74, 81 (C.A.3, 1965), the Civil Rights Act would not provide plaintiff with a vehicle for recovery. E. g., Perkins v. Rich, 204 F.Supp. 98 (D.Del.1962), aff'd, 316 F.2d 236 (C.A.3, 1963) (police official's sworn complaint against obscene phone caller a "private" act); Watkins v. Oaklawn Jockey Club, 183 F.2d 440 (C.A.8, 1950) (off-duty police working as private guards not acting under color of state law). However, we think that here, plaintiff's allegations that the defendant "police officers" did in fact purport to "arrest" him do state a sufficient factual nexus with the requirement of action "under color" of state law, namely, that the defendants asserted a lawful authority to use force to take plaintiff into custody. Selico v. Jackson, 201 F.Supp. 475, 478 (S.D.Calif.1962), and cases cited therein; accord, Hughes v. Smith, 264 F.Supp. 767 (D.N.J., 1967), aff'd, 389 F.2d 42 (C.A.3, 1968). That the officers may not have actually possessed the authority claimed is irrelevant. See United States ex rel. Brzozowski v. Randall, 281 F.Supp. 306, 311 (E.D.Pa.1968). We therefore deny defendant Stufflet's motion to dismiss.

Turning to defendant Heil's motion to dismiss, we are confronted at the outset with his assertion that the common law doctrine of judicial immunity, which was not abolished by the Civil Rights Act, Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Bauers v. Heisel, 361 F.2d 581 (C.A.3, 1966), applies to parole officers. It is true that individual members of a parole board are clothed with judicial immunity.

"* * * [T]he hearing of the revocation of plaintiff's parole in the present case was a subject matter committed by law to the executive control of the defendants as public officers, and in such case error on their part does not expose them to an action

for damages * * *." Lang v. Wood, 67 App.D.C. 287, 92 F.2d 211, 212, cert. denied, 302 U.S. 686, 58 S. Ct. 48, 82 L.Ed. 530 (1937).

*Accord,* Harmon v. Superior Court, 329 F.2d 154, 155 (C.A.9, 1964); Lawhorn v. Pennsylvania, Civ. No. 69–652 (E.D. Pa., filed Sept. 15, 1969), and cases cited therein.

Defendant Heil, however, is not a member of the Parole Board, see 61 Pa. Stat.Ann. § 331.2 (Supp.1969); rather he was allegedly plaintiff's parole officer, a person empowered to arrest parolees without a warrant for failure to report, or for any violations of the terms of parole. 61 Pa.Stat.Ann. § 331.27 (Supp.1969). A parole officer does not adjudicate a parole violator's case, nor is he required by law to pass on the merits of a petition for parole. Heil is thus not connected with the process of deciding when to grant parole to applicants and he falls without the facts usually justifying the application of the doctrine of judicial immunity. *Compare* Bennet v. California, 406 F.2d 36 (C.A.9, 1969). Under Pennsylvania law a parole officer functions not very differently from a police officer; he is in fact "declared to be a peace officer" by the terms of the statute granting him his powers. 61 Pa.Stat.Ann. § 331.27 (Supp.1969). His position should be treated accordingly.

■■ There is, it is true, a derivative immunity afforded a public official acting under orders of a body, like the parole board, which does enjoy immunity from suit. Defelice v. Philadelphia Bd. of Educ., 306 F.Supp. 1345 (E.D.Pa. 1969). This immunity has been extended to those persons preparing probation reports. Friedman v. Younger, 282 F. Supp. 710, 715–716 (C.D.Calif.1968). However, there is no factual basis for

considering any such contention on this motion under Rule 12(b)(6). We therefore conclude that the office of "parole officer" does not per se possess the immunity from suit which attaches to the position of a Parole Board member. Defendant Heil is therefore liable to suit under 42 U.S.C.A. §§ 1983 and 1985 (Supp.1969).

The substance of plaintiff's claim against Heil is simply that Heil threatened to revoke plaintiff's parole if he instituted suit against the arresting officers. Actual *obstruction* of plaintiff's access to a federal court to vindicate a federal claim would be a deprivation of his constitutional rights, and therefore would state a claim under the Civil Rights Act. Sigafus v. Brown, 416 F.2d 105, 107 (C.A.7, 1969); *see* Application of Brux, 216 F.Supp. 956, 957 (D.Hawaii, 1963).[1] We are here concerned, however, with a threat to *punish* plaintiff for asserting his claim against the police officers. In order to simplify the issue, we assume *arguendo* that actual parole revocation as retribution for plaintiff's filing a law suit would be unlawful,[2] even though the parole board might very well think that plaintiff's suit was nothing more than harassment of the police officers with a patently frivolous claim.

■ Our research fails to disclose any case treating allegations similar to plaintiff's under the Civil Rights Act. Thus, in order to decide whether a *threat* to revoke bail states a claim, we have decided to turn to state common law for guidance in order to overcome the paucity of federal statutory interpretation. We have in the past turned to state law to fashion an effective remedy for violations of the Civil Rights Act pursuant to the command of 42 U. S.C.A. § 1988 (Supp.1969). United

---

1. In *Brux* a Marine officer was charged with first-degree murder and held in confinement at his Marine base. The court held that the writ of habeas corpus was available to the officer's mother to prevent further obstruction by the military of her son's attendance at a state

civil proceeding to appoint a guardian for her allegedly incompetent son.

2. This is not the same problem as the obstruction of access to the courts since plaintiff would be able to prosecute his claim from prison in the same manner as he is now pursuing this claim.

States ex rel. Washington v. Chester County Police Dept., 300 F.Supp. 1279, 1281 (E.D.Pa.1969). The efficacy of that approach seems clear. Sullivan v. Little Hunting Park, Inc., 396 U.S. 229, 238–240, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969), (majority opinion); 396 U.S. at 256–257, 90 S.Ct. at 406 (dissenting opinion of Justice Harlan). Our resort to state law here is solely to draw on the experience of the common law to assist us in deciding whether a threat to punish plaintiff with bail revocation constitutes a claim under 42 U.S.C.A. § 1983.

■ The common law action which most nearly approximates plaintiff's is a claim for damages for a civil assault. And, at common law, no remedy was afforded the victim of a "verbal" assault.

"* * * Words in themselves, no matter how threatening, do not constitute an assault; the actor must be in a position to carry out the threat immediately, and he must take some affirmative action to do so. * * *" Cucinotti v. Ortmann, 399 Pa. 26, 27, 159 A.2d 216, 217 (1960).

*Accord,* Gelhaus v. Eastern Air Lines, Inc., 194 F.2d 774, 776 (C.A.5, 1952) and cases there cited. While Heil is empowered to arrest parolees for violation of parole, he is not "in a position" to revoke plaintiff's parole on his own motion. Even if we were to read plaintiff's complaint to state that plaintiff *believed* either that Heil could himself have revoked parole, or could have "arranged" it—allegations which are conspicuously absent—that bare threat, without more, would not state a claim at common law.[3] We find no persuasive reason why a different rule should obtain under the Civil Rights Act.[4]

■ The fact that the complaint fails to state a claim against defendant Heil under section 1983 does not necessarily mean that it also does not state a claim under the conspiracy section, 42 U.S.C.A. § 1985. However, other than the assertion that defendants Heil and Stufflet deprived the plaintiff of his civil rights through their "conspiring and acting in concert," plaintiff fails to allege any facts supportive of that statement. Since it is possible that plaintiff may be able to cure this deficiency, rather than dismiss this portion of the complaint with leave to amend, we choose to grant defendant Stufflet's motion under F.R.Civ.P. 12(e) for a more definite statement as to the alleged conspiracy of the defendants.

■ Finally, defendant Hilliard, who was the Reading Chief of Police at the time of these alleged incidents, and who is not even mentioned in the complaint, has moved to dismiss the action because no relief is sought against him. We will grant his motion and deny plaintiff's motion to substitute the present Reading Chief of Police.

Accordingly, we enter the following

---

3. It is of course possible that a threat of imprisonment may qualify as a defense of "duress" or as an avoidance of a defense, as in a suit on a contract.

"* * * Ordinarily, when no proceedings have been commenced, threats of arrest, prosecution, or imprisonment do not constitute legal duress to avoid a contract. The threats must be made under such circumstances that they excite the fear of imminent and immediate imprisonment. * * *" Sulzner v. Cappeau-Lemley & Miller Co., 234 Pa. 162, 167, 83 A. 103, 105, 39 L.R.A.,N.S., 421 (1912).

However, this threat has not provided an independent basis for the recovery of damages at common law.

4. *Compare* 42 U.S.C.A. § 1985(3); Paynes v. Lee, 377 F.2d 61, 64 (C.A.5, 1967):

"* * * Federal voting rights * * * may be protected from individual as well as from State interference. * * * The protected right includes the right to be free from bodily injury in the exercise of the right of franchise. Ex parte Yarbrough, 110 U.S. 651, 4 S.Ct. 152, 28 L.Ed. 274. The right to be free from threatened harm and the right to be protected from violence for an attempted exercise of a voting right are no less protected than the right to cast a ballot on the day of election." (Citations omitted.)

## ORDER

(1) The motion of defendant Stufflet to dismiss the complaint for failure to state a claim on which relief can be granted is denied.

(2) The motion of defendant Heil to dismiss the complaint for failure to state a claim on which relief can be granted is granted as to the claim under 42 U.S.C.A. § 1983.

(3) The motion of defendant Stufflet for a more definite statement as to the alleged conspiracy is granted. Plaintiff shall comply with this order within 15 days or the complaint will be dismissed as to that claim.

(4) The motion of defendant Hilliard to dismiss the action is granted.