Harvey HERMAN, Plaintiff,

v.

C. O. PORTER MACHINERY CO.,
Third-Party Plaintiff.

LINEMASTER SWITCH CORP., Third-
Party Plaintiff, Defendants,

v.

GENERAL INTERIORS CORP., Third-
Party Defendant.

Harvey HERMAN, Plaintiff,

v.

HOME INSURANCE COMPANY,
Defendant.

Civ. A. Nos. 70-88, 71-326.

United States District Court,
M. D. Pennsylvania.

Nov. 19, 1971.

Candor, Youngman, Gibson & Gault, Williamsport, Pa., for plaintiff Harvey Herman.

Greevy, Knittle & Mitchell, Williamsport, Pa., for third-party plaintiff and defendant C. O. Porter Machinery Co.

Furst, McCormick, Lynn, Reeder & Nichols, Williamsport, Pa., for third-party plaintiff and defendant Linemaster Switch Corp.

Robert James Wollet, Williamsport, Pa., for third-party defendant General Interiors Corp.

Thomas C. Raup, Williamsport, Pa., for defendant Home Insurance Co.

OPINION

MUIR, District Judge.

Before the Court are two motions filed by defendant Home Insurance Company pursuant to F.R.Civ.P. 12(b)(6) to dismiss the complaints in the above two actions for failure to state a claim upon which relief can be granted.

On March 12, 1971, Plaintiff Harvey Herman filed a complaint in No. 70-88, naming as defendants in a products liability action C. O. Porter Machinery Company and Linemaster Switch Corpo-

ration. On June 7, 1971, plaintiff filed a motion for leave to amend the complaint to add as a defendant Home Insurance Company, the products liability insurance carrier for C. O. Porter Machinery Company. Before leave was granted by the Court, plaintiff initiated a separate action, No. 71–326, based on factual allegations identical to those contained in the amended complaint subsequently filed with leave of Court in No. 70–88. Home Insurance Company has filed 12(b) (6) motions in both cases.

█ In deciding these motions, it is axiomatic that we must consider as true and correct all of plaintiff's allegations, and resolve all doubts concerning those allegations in favor of the plaintiff. Supchak v. United States, 365 F.2d 844, 845 (3rd Cir. 1966); Melo-Sonics Corporation v. Cropp, 342 F.2d 856, 858 (3rd Cir. 1965). However, for the purposes of such motions, conclusions of law and unwarranted deductions of fact are not admitted. 2A Moore, Federal Practice, ¶12.08, at 2265–2271 (2d Ed. 1968), and cases cited therein.

For the reasons which follow, the motions to dismiss will be granted.

Reduced to essentials relevant here, the complaints allege that on August 14, 1969, plaintiff Harvey Herman was an employee in the Lewisburg plant of General Interiors Corporation; that while he was working on a Model 47A hydracut saw, manufactured by C. O. Porter Machinery Company and sold to General Interiors in spring of 1969, plaintiff's hand was amputated above the wrist as a result of a defective condition or design of the saw and its footpedal; that Home Insurance Company was the products liability insurance carrier for C. O. Porter Machinery Company for a period of years prior to the date of the accident; that in May, 1969, an individual named Edward Peterson, of Whitefield, New Hampshire, had an accident while working on a C. O. Porter hydracut saw; that C. O. Porter's products liability insurance policy gave the Home Insurance Company complete power to in-

vestigate, control and settle a lawsuit subsequently filed by Edward Peterson; that as a result of Peterson's accident, Home Insurance Company conducted an investigation of C. O. Porter hydracut saws; that the Home Insurance Company learned through its investigation that the C. O. Porter hydracut saw involved in Peterson's accident was in a defective condition because of the negligent design of its footswitch; that Home Insurance Company did not notify C. O. Porter of this fact; and that C. O. Porter relied upon Home Insurance to notify it of the results of the investigation.

Significantly, neither of the complaints allege that any act or omission on the part of Home Insurance was a cause of plaintiff's injuries. In particular, the complaints contain no allegation that Home Insurance learned of the alleged defective condition of C. O. Porter hydracut saws before plaintiff's accident on August 14, 1969; nor is this a warranted inference from the facts pleaded.

██ Plaintiff predicates his claim against Home Insurance upon Restatement (Second) of Torts § 324A, which provides:

"§ 324A. Liability to Third Person for Negligent Performance of Undertaking

"One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

(a) his failure to exercise reasonable care increases the risk of such harm, or

(b) he has undertaken to perform a duty owed by the other to the third person, or

(c) the harm is suffered because of reliance of the other or the third person upon the undertaking."

**418**

It goes without saying that a causal relationship between the Defendant's alleged tortious conduct and the plaintiff's injuries is a prerequisite for recovery, and the failure to plead facts from which an inference of that causal relationship is warranted in this case is a fatal defect in the complaint.

The motions to dismiss will be granted as to Home Insurance Company, with leave to the plaintiff to plead over in both cases.

This disposition makes it unnecessary to consider defendant Home Insurance Company's pending motions for summary judgment and plaintiff's motion to compel answers to oral interrogatories on deposition. The Motion of Home Insurance Company to "Assess Costs and Attorneys Fees Against Plaintiff and/or His Attorney" in Civil No. 70–88 remains under advisement.